# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>TWEED FINANCIAL SERVICES, INC. et al.,<br><br>  Defendants. | Case No. CV 17-7251 FMO (Ex)<br><br>**ORDER** |

    Having reviewed and considered all the briefing filed with respect to defendants' Motion to Dismiss and to Strike (Dkt.23, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and orders as follows.

    Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served,

the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

Given the policy favoring amendment of complaints and that plaintiff is, in effect, entitled to amend the complaint, "once as a matter of course," see Fed. R. Civ. P. 15(a)(1), the court will grant defendants' Motion and dismiss the Complaint, (Dkt. 1), with leave to amend. In preparing the First Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendants' Motion. In particular, plaintiff shall consider defendants' contentions regarding the statute of limitations, and should endeavor to more particularly set forth the dates of defendants' alleged violations.[1]

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss **(Document No. 23)** is **granted**.

2. The Complaint (Dkt. 1) is **dismissed with leave to amend**.

3. If plaintiff still wishes to pursue this action, it is granted until **May 31, 2018**, to file a first amended complaint attempting to cure the alleged deficiencies outlined in defendants' Motion. The court expects that defendants will agree to any amendments that will or attempt to cure the alleged defects.

4. The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make its First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino,

---

[1] The court, however, is skeptical of defendants' argument that 28 U.S.C. § 2462 is a statute of repose.

806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5. Plaintiff is cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendants shall file their Answer to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **June 14, 2018**.

7. In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **June 7, 2018, at 10:00 a.m.**[2] meet and confer in person at an agreed upon location within the Central District of California to discuss defendants' motion to dismiss.  Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion).  Failure to include such a declaration will result in the motion being denied.

Dated this 14th day of May, 2018.

/s/
Fernando M. Olguin
United States District Judge

---

[2] Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.