**EXHIBIT B**



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
LOS ANGELES REGIONAL OFFICE
444 S. FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90071**

DIRECT DIAL: 323-965-3245
EMAIL: DEANL@SEC.GOV

June 7, 2018

**BY EMAIL**

Edward Gartenberg, Esq.
Gartenberg, Gelfand, Hayton LLP
15260 Ventura Boulevard
Suite 1920
Sherman Oaks, CA 91403

>   Re:   SEC v. Tweed Fin. Servs., Inc. et al.
>         Civil Action No. 17-7251 (C.D. Cal.)

Dear Mr. Gartenberg:

Thank you for hosting our meet and confer yesterday regarding the Securities and Exchange Commission's ("SEC") First Amended Complaint. This letter responds to yours of yesterday's date.

As I explained to you yesterday, in amending the Complaint, we followed the Court's instructions in its Order dated May 14, 2018 and more particularly set forth the dates of the actionable misrepresentations and omissions that we contend constitute violations of Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder. Specifically, at paragraphs 62-77, the First Amended Complaint sets forth in detail the actionable misrepresentations and omissions and the dates on which they occurred – all after October 2012 and well within the five year statute of limitations.

The SEC contends that each of these misstatements constitutes a separate, actionable violation of Section 206(4) of the Advisers Act. Section 206(4) prohibits investment advisers from, directly or indirectly, engaging in any act, practice or course of business which is fraudulent, deceptive, or manipulative. Rule 206(4)-8 defines such prohibited conduct to include: (1) making false or misleading statements or otherwise defrauding investors or prospective investors in pooled investment vehicles; or (2) engaging in fraudulent, deceptive, or manipulative conduct with respect to any investor or prospective investor in a pooled investment vehicle. *See Prohibition of Fraud by Advisers to Certain Pooled Investment Vehicles*, Advisers Act Release No. 2628 (Aug. 9, 2007). Mr. Tweed and Tweed Financial Services, Inc. ("TFSI") were advisers to the Athenian Fund, and as such, had a duty to be truthful concerning the investments made by the Fund, and were prohibited from making untrue statements of material fact or from omitting to state material facts necessary to make their statements not misleading.

Edward Gartenberg, Esq.
June 7, 2018
Page 2

TFSI and Tweed violated these obligations by providing misleading and/or inaccurate information about the value of the Athenian Fund's assets to its investors and failing to distribute audited financials to investors during the statutory period.

We understand your contention, set forth in your letter and in our discussions yesterday, that the misrepresentations relate back to investments made in October 2010 and March 2011, but the SEC is not suing defendants for those deviations from the offering documents for the Athenian Fund. The allegations in the Complaint relate to the separate misrepresentations and omissions made by Mr. Tweed and TFSI since October 2012. Thus, they are not time barred.

As to the legal contentions in your letter:

**A. The SEC's Claims are Not Barred by 28 U.S.C. §2462**

You have argued that *Gabelli v. SEC*, 568 U.S. 442 (2013) stands for the proposition that Section 2462 bars the SEC's causes of action. But *Gabelli* merely held that a civil penalty claim accrues when the violation occurs. Here, the SEC has alleged multiple violations, and it is well established that "when a defendant commits successive violations, the statute of limitations runs separately from each violation." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014) ("Each wrong gives rise to a discrete 'claim' that 'accrue[s]' at the time the wrong occurs."). Although Defendants' fraudulent violations of the securities laws span from 2010-2014, the SEC has charges them with multiple misrepresentations and omissions in breaches of their fiduciary responsibilities, from October 2012 to the present. Each of those violations is a separately actionable fraud under the federal securities laws and falls well within the five year limitations period.

*Gabelli* did not purport to deviate from the well-established principle in *Petrella* that multiple violations accrue at different times. And even after *Gabelli*, courts have routinely allowed penalty claims based on violations that are within the limitations period, while disallowing them for claims that accrued outside the limitations period. *SEC v. GTF Enterprises, Inc.*, 2015 WL 728159, *4 (S.D.N.Y. February 19, 2015) (following default judgments, the court entered penalties in a Ponzi scheme case based only on the portion of the scheme that occurred within five years of the filing of the action, even though the scheme had started earlier); *SEC v. Syndicated Food Service Inter., Inc.*, 2014 WL 2884574, * 19 (E.D.N.Y. February 14, 2014) (in a pump and dump case, defendants consented to a liability judgment, but contested monetary relief; the court calculated the maximum possible penalty by excluding violations outside of the limitations period). Because the SEC has alleged multiple violations that took place within the statutory period, the SEC's claims based based on those violations are not barred.

In this regard, *SEC v. Kokesh*, 884 F.3d 979 (10th Cir. 2018) is instructive. There, the Tenth Circuit made it clear that "just because a person continued to engage in misconduct over an extended period of time, it does not follow that the person had engaged in a singular continuing violation, as opposed to a series of separate violations, for limitations purposes." *Id.* at 983-85, citing *Figueroa v. District of Columbia Metropolitan Police Department*, 633 F.3d 1129, 1131, 1135 (D.C. Cir. 2011) (holding that failure to pay overtime pay over a multiple year period 'recur[red] with each pay period' and that the limitations period therefore began anew

Edward Gartenberg, Esq.
June 7, 2018
Page 3

from the time of each paycheck); *Birkelbach v. SEC*, 751 F.3d 472, 479 (7th Cir. 2014) (holding that where there was "a continuing duty to reasonably supervise, . . . any violative conduct that falls within the statute of limitations is independently sanctionable"); *Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 117, 125 (5th Cir. 1975) (conspiracy to violate the antitrust laws by engaging in a refusal to deal should be "viewed as a continuing series of acts upon which successive causes of action may accrue"); *Rodrigue v. Olin Employees Credit Union*, 406 F.3d 434, 441-43 (7th Cir. 2005) (employee's theft of 269 insurance-reimbursement checks over seven years constituted separate actionable conversions).

Because the First Amended Complaint alleges multiple violations within the statutory period, the SEC is not relying on the discovery rule to toll its claims under Section 2462, and its claim for civil penalties is timely.

### B. Section 2462 Does Not Bar the SEC's Claim For Injunctive Relief

Nor does *Gabelli* stand for the proposition that an injunction is barred under Section 2462, for two reasons. First, the SEC has alleged timely violations within the five-year bar warranting injunctive relief all by themselves. And, in determining whether to impose injunctive relief the Court may consider the full panoply of the Defendants' conduct alleged in the Complaint, even if the first of the Defendants' violative acts occurred outside of the five-year period. *See Birkelbach v. SEC*, 751 F.3d 472, 482 (7th Cir. 2014) (upholding sanctions ruling that considered conduct outside of the five-year limitations period; "even assuming the five-year period applies, there was no error in the SEC considering events outside that period in crafting its sanction"); *SEC v. Mapp*, 2017 WL 5177960, *5 (E.D.Tex. Nov. 8, 2017) (following *Birkelbach* and holding "the SEC may … rely on [conduct outside the limitations period] in support of timely claims for violations of federal securities law"). The full extent of Defendants' conduct surrounding their violations bears on the nature of the violations, Defendants' intent, and whether they are likely to violate the securities laws in the future, all of which are part of the factual inquiry required to impose injunctive relief. Section 2462 does not require the Court to wear blinders.

Second, Section 2462 does not apply to injunctive relief at all. *SEC v. Straub*, 2016 U.S. Dist. LEXIS 136841 at *46. By its terms, Section 2462 applies only to a claim for a "civil fine, penalty or forfeiture," and includes only punitive sanctions. *See Meeker v. Lehigh Valley R. Co.*, 236 U.S. 412, 423 (1915) (a penalty covered by the predecessor to § 2462 is "something imposed in a punitive way for an infraction of a public law"). Unlike penalties, an injunction is not intended to punish for past conduct. "The primary purpose of injunctive relief against violators of the federal securities laws is to deter future violations, not to punish the violators." *SEC v. Koracorp Indus. Inc.*, 575 F.2d 692, 697 (9th Cir. 1978) (citing *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)). *See also* H.R. Rep. 98-355 at *7-*8, reprinted in 1984 U.S.C.A.A.N. 2274, 2280-81 (noting that the Commission's principal remedy before penalties were authorized was "an injunction against future violations" which serves "only a remedial function and does not penalize a defendant"). To reflect this purpose, courts have developed a well-established standard under which the propriety of an injunction turns on whether "there is a reasonable likelihood of further violations in the future." *Koracorp*, 575 F.2d at 699.

Edward Gartenberg, Esq.
June 7, 2018
Page 4

  Courts in this Circuit have consistently held that the five-year statute of limitations in section 2462 does not apply to injunctions. *See, e.g., SEC v. Mercury Interactive, LLC*, No. C 07–2822 JF (RS), 2008 U.S. Dist. LEXIS 107706, at *12 (N.D. Cal. Sept. 30, 2008) ("in the face of express statutory language limiting the application of Section 2462 to actions for a 'civil fine, penalty, or forfeiture,' this Court is reluctant to extend the five-year limitations period in the manner requested by Defendants"); *SEC v. PacketPort.com, Inc.*, No. 3:05-cv-1747 (JCH), 2006 WL 2798804, at *3 (D. Conn. Sept. 27, 2006) (granting SEC's motion to strike affirmative defense of statute of limitations because "[t]he plain language of this section imposes no statute of limitations upon the SEC when, as here, it pursues equitable relief").

  And courts outside of this Circuit have also so held, both before and after *Gabelli* and *Kokesh*. *See SEC v. Collyard*, 861 F.3d 760, 764-65 (8th Cir. 2017) (properly imposed injunctive relief does not constitute a penalty under [*Kokesh* or Section 2462] because injunctions (1) are "imposed to protect the public prospectively, not redress public wrong" and (2) are not imposed "for the purpose of" punishment or general deterrence.); *SEC v. Kokesh*, 834 F.3d 1158, 1162 (10th Cir. 2016) ("We fail to see how an order to obey the law is a penalty" and holding that an injunction is "'purely remedial and preventative,' and not a penalty or forfeiture."), *rev'd on other grounds by Kokesh*, 137 S.Ct. 1635; *SEC v. Graham*, 823 F.3d 1357, 1362 (11th Cir. 2016) (same).[1] So long as the SEC establishes all of the elements required for violations within the statutory period, the SEC is entitled to pursue injunctive relief and money penalties for those violations and Section 2462 does not apply.

  As we have previously explained, we believe that your reliance on *Johnson v. SEC*, 87 F.3d 484, 491-92, 318 U.S. App. D.C. 250 (D.C. Cir. 1996) is misplaced. In *Johnson*, the court held that an administrative industry suspension operated as a penalty and was barred by Section 2462. First, reliance on *Johnson* is misplaced because *Johnson* did not do what Defendants seek here–dismiss the complaint. Rather, *Johnson* concluded that the suspension, imposed on the full evidentiary record before the SEC, was not based on any factual finding of current incompetence or the degree of risk posed in the absence of a suspension. To the extent that a handful of courts have concluded that injunctions operate as penalties, they do so only if a "fact-intensive analys[i]s" shows that the particular injunction is insufficiently supported. *See Collyard*, 861 F.3d at 764; *Meadows v. SEC*, 119 F.3d 1219, 1228 & n.20 (5th Cir. 1997) (affirming a temporary bar and distinguishing *Johnson* on the ground that the sanction "based upon findings

---

[1] *See also SEC v. Tambone*, 550 F.3d 106, 148 (1st Cir. 2008), *withdrawn*, 573 F.3d 54 (1st Cir. 2009), *reinstated in relevant part*, 597 F.3d 436, 450 (1st Cir. 2010) (same); *see also Riordan v. SEC*, 627 F.3d 1230, 1234-35 (D.C. Cir. 2011) (Section 2462 does not apply to a cease-and-desist order); *SEC v. Pentagon Capital Management PLC*, 725 F.3d 279, 287-88 (2d Cir. 2013); *SEC v. Wealth Strategy Partners, LC*, No. 8:14-cv-02427-T-27TGW, 2015 WL 3603621, at *9 (M.D. Fla. June 5, 2015) (citing *Gabelli*); *SEC v. Geswein*, 2 F. Supp. 3d 1074, 1084-85 (N.D. Ohio 2014); *SEC v. LeCroy*, No. 2:09-cv-2238-AKK, 2014 WL 4403147, at *5 (N.D. Ala. Sept. 5, 2014); *SEC v. Syndicated Food Serv. Int'l, Inc.*, No. 04 Civ. 1303 (NGG) (VMS), 2014 WL 1311442, at *25 (E.D.N.Y. March 28, 2014) (citing *Gabelli*, 133 S. Ct. at 1220 n.1); *SEC v. Amerindo Investment Advisors, Inc.*, No. 05 Civ. 5231 (RJS), 2014 WL 405339, at *9 (S.D.N.Y. Feb. 3, 2014); *SEC v. Wyly*, 950 F. Supp. 2d 547, 558 (S.D.N.Y. 2013).

Edward Gartenberg, Esq.
June 7, 2018
Page 5

demonstrating petitioner's unfitness to serve the investing public" and reflected the "degree of risk petitioner pose[d] to the public"); *SEC v. Quinlan*, 373 Fed. App'x 581, 588 (6th Cir. 2010) (rejecting applicability of Section 2462 to injunction where "the district court undertook the fact-intensive inquiry articulated in *Johnson*"). Such a fact-intensive analysis cannot occur at this stage in the action. And, if your clients are ultimately found liable for violating the securities laws and this Court concludes that an injunction here would operate as a penalty, it should deny the injunction as being unnecessary, not because Section 2462 is somehow applicable.

In addition, your reliance on the Ninth Circuit decision in *FEC v. Williams*, 104 F.3d 237 (9th Cir. 1996), is also misplaced. There, the Ninth Circuit barred the FEC's claim for injunctive relief because its claim for civil penalties was barred by Section 2462 as untimely. Here, as explained above, the SEC's claims for civil penalties are timely. So too is its claim for injunctive relief. Thus, irrespective of what *Williams* did, and whether it applies to SEC actions, it is not relevant to the analysis here. *Cf. Mercury Interactive, LLC*, 2008 U.S. Dist. LEXIS 107706, at *12-13 (declining to apply *Williams* to an SEC enforcement action).

For all of the foregoing reasons, the First Amended Complaint alleges timely causes of action against your clients and we will not be withdrawing or further amending it. Thank you again for your courtesy yesterday.

Very truly yours,

*[signature]*

Lynn M. Dean