Edward Gartenberg (State Bar No. 102693)
Milena Dolukhanyan (State Bar No. 303157)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
egartenberg@gghslaw.com
mdolukhanyan@gghslaw.com

Attorneys for Defendants
TWEED FINANCIAL SERVICES,
INC. and ROBERT RUSSEL
TWEED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>    Defendants. | Case No.: 2:17-cv-07251-FMO-E<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Tweed Financial Services, Inc. ("TFSI") and Robert Russel Tweed ("Tweed") (collectively "Defendants") hereby answer the Securities and Exchange Commission's ("Plaintiff") First Amended Complaint ("FAC") in this matter as follows:

**JURISDICTION AND VENUE**

1.      To the extent paragraph 1 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants lack sufficient knowledge or

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

information to admit or deny the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained in said paragraph.

2.     To the extent paragraph 2 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants deny each and every such allegation contained in said paragraph.

3.     To the extent paragraph 3 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants admit that reside in this district but lack sufficient knowledge or information to admit or deny the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained in said paragraph.

## SUMMARY

4.     Answering paragraph 4 of the FAC, Defendants deny each and every allegation contained in said paragraph.

5.     Answering paragraph 5 of the FAC, Defendants deny they "defrauded clients." Defendants admit the remaining allegations in said paragraph.

6.     Answering paragraph 6 of the FAC, Defendants deny that Tweed knew about 40% of Athenian Fund's investment in QAMF at the time. Defendants admit the remaining allegations in said paragraph.

7.     Answering paragraph 7 of the FAC, Defendants admit that in June 2012, Tweed learned that the QAMF manager had been indicted for bank fraud and that by June 2013, the software business Athenian Fund had invested in planned to file for chapter 7 bankruptcy. Defendants deny the remaining allegations in said paragraph.

8.     Answering paragraph 8 of the FAC, Defendants deny each and every allegation contained in said paragraph

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

9.     To the extent paragraph 9 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants deny each and every such allegation contained in said paragraph.

## THE DEFENDANTS

10.     Answering paragraph 10 of the FAC, Defendants admit the allegations in said paragraph.

11.     Answering paragraph 11 of the FAC, Defendants deny that Tweed is 58.  Defendants admit the remaining allegations in said paragraph.

12.     Answering paragraph 12 of the FAC, Defendants admit the allegations in said paragraph.

13.     Answering paragraph 13 of the FAC, Defendants admit the allegations in said paragraph.

## RELATED INDIVIDUALS AND ENTITIES

14.     To the extent paragraph 14 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, answering paragraph 14 of the FAC, Defendants admit that Athenian Fund, L.P was managed by TFSI, which was controlled by Tweed. As to the remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in said paragraph, and on that basis deny the remaining allegations contained in said paragraph.

15.     Answering paragraph 15 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in said paragraph, and on that basis deny each and every such allegation contained in said paragraph.

16.     Answering paragraph 16 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in said

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**ANSWER TO FIRST AMENDED COMPLAINT**

paragraph, and on that basis deny each and every such allegation contained in said paragraph.

17.     Answering paragraph 17 of the FAC, Defendants admit that Teamwork Retail's president is one of Tweed's friends and that Tweed received fees for performing consulting services for Teamwork Retail between December 2009 and December 2010. Defendants deny the remaining allegations in said paragraph.

## **FACTUAL ALLEGATIONS**

18.     Answering paragraph 18 of the FAC, Defendants admit the allegations in said paragraph.

19.     Answering paragraph 19 of the FAC, Defendants admit the allegations in said paragraph.

20.     Answering paragraph 20 of the FAC, Defendants admit the allegations in said paragraph.

21.     To the extent paragraph 21 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, answering the remaining allegations of paragraph 21 of the FAC, Defendants admit the allegations in said paragraph.

22.     Answering paragraph 22 of the FAC, Defendants admit that the PPM gave broad discretion to Defendants to manage the Athenian Fund. Defendants make reference to the PPM for its terms.  Defendants deny the remaining allegations in said paragraph.

23.     Answering paragraph 23 of the FAC, Defendants make reference to the PPM for its terms. Defendants admit the remaining allegations in said paragraph.

24.     To the extent paragraph 24 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants make reference to the PPM for its terms and Defendants admit the remaining allegations in said paragraph.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**ANSWER TO FIRST AMENDED COMPLAINT**

25.     Answering paragraph 25 of the FAC, Defendants make reference to the PPM for its terms.

26.     Answering paragraph 26 of the FAC, Defendants deny each and every allegation contained in said paragraph.

27.     Answering paragraph 27 of the FAC, Defendants deny the allegation in the second sentence of this paragraph.  Defendants lack sufficient knowledge or information to admit or deny the allegations contained in the third sentence of this paragraph because of the ambiguity of the word "acquaintance" and on that basis deny each and every such allegation contained in said sentence.  Defendants admit the remaining allegations in said paragraph.

28.     Answering paragraph 28 of the FAC, Defendants admit the allegations in said paragraph.

29.     Answering paragraph 29 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence of said paragraph and on that basis deny each and every such allegation contained in said sentence.  Defendants admit the remaining allegations in said paragraph.

30.     Answering paragraph 30 of the FAC, deny each and every allegation contained in said paragraph.

31.     Answering paragraph 31 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in the second sentence of this paragraph and on that basis deny each and every such allegation contained in said sentence.   Defendants admit the remaining allegations contained in said paragraph.

32.     Answering paragraph 32 of the FAC, Defendants deny each and every allegation contained in said paragraph.

33.     Answering paragraph 33 of the FAC, Defendants admit the allegations contained in said paragraph.

**ANSWER TO FIRST AMENDED COMPLAINT**

34.     Answering paragraph 34 of the FAC, Defendants deny each and every allegation contained in said paragraph.

35.     Answering paragraph 35 of the FAC, Defendants admit Tweed received a February 17, 2012 letter and make reference to the letter for its terms.

36.     Answering paragraph 36 of the FAC, Defendants admit the allegations in said paragraph.

37.     Answering paragraph 37 of the FAC, Defendants deny each and every allegation contained in said paragraph.

38.     Answering paragraph 38 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations of said paragraph and on that basis deny each and every allegation contained in said paragraph.

39.     Answering paragraph 39 of the FAC, Defendants admit the allegations of the first sentence of said paragraph.  Defendants lack sufficient knowledge or information to admit or deny the allegations of the second sentence of said paragraph because of the uncertainty as to the time intended by the phrase, "Tweed knew" and on that basis deny each and every such allegation contained in said sentence.

40.     Answering paragraph 40 of the FAC, Defendants deny each and every allegation contained in said paragraph.

41.     Answering paragraph 41 of the FAC, Defendants deny each and every allegation contained in said paragraph.

42.     Answering paragraph 42 of the FAC, Defendants admit that TFSI, through Tweed, issued quarterly account statements to Athenian Fund investors. Defendants deny the remaining allegations in said paragraph.

43.     Answering paragraph 43 of the FAC, Defendants admit the allegations in said paragraph.

44.     Answering paragraph 44 of the FAC, Defendants admit the allegations in said paragraph.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**ANSWER TO FIRST AMENDED COMPLAINT**

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

45.     Answering paragraph 45 of the FAC, Defendants admit the allegations in the first sentence of said paragraph. Defendants lack sufficient knowledge or information to admit or deny the allegations of the second sentence of said paragraph and on that basis deny each and every such allegation contained in said sentence. Defendants lack sufficient knowledge or information to admit or deny the allegations of the third sentence of said paragraph because of the uncertainty as to the time intended by the phrase, "operated by a friend of Tweed" and on that basis deny each and every such allegation contained in said sentence.

46.     Answering paragraph 46 of the FAC, Defendants deny each and every allegation contained in said paragraph.

47.     Answering paragraph 47 of the FAC, Defendants admit the allegations in said paragraph.

48.     Answering paragraph 48 of the FAC, Defendants deny each and every allegation contained in said paragraph.

49.     Answering paragraph 49 of the FAC, Defendants admit the allegations in said paragraph.

50.     Answering paragraph 50 of the FAC, Defendants admit the allegations in said paragraph.

51.     Answering paragraph 51 of the FAC, Defendants deny each and every allegation contained in said paragraph.

52.     Answering paragraph 52 of the FAC, Defendants deny that Teamwork Retail has paid only a fraction of the $43,500 owed to Athenian Fund. Defendants admit the remaining allegations in said paragraph.

53.     Answering paragraph 53 of the FAC, Defendants deny each and every allegation contained in said paragraph.

54.     Answering paragraph 54 of the FAC, Defendants admit that Tweed allowed ten investors to redeem a total of approximately $676,000 in capital from

**ANSWER TO FIRST AMENDED COMPLAINT**

the Athenian Fund from 2010 through 2012. Defendants deny the remaining allegations in said paragraph.

55.     Answering paragraph 55 of the FAC, Defendants admit the allegations in said paragraph.

56.     Answering paragraph 56 of the FAC, Defendants admit the allegations in the first sentence of said paragraph. Defendants lack sufficient knowledge or sufficient information to admit or deny the allegations of the second sentence of said paragraph and on that basis deny each and every such allegation contained in said sentence.  Defendants deny the allegations in the third sentence of said paragraph. Defendants lack sufficient knowledge or information to admit or deny the allegations of the fourth sentence of said paragraph because of the ambiguity in the phrase, "no adjustment was made to reflect the Athenian Fund's performance in connection with these early redemptions," and on that basis deny each and every such allegation contained in said sentence.

57.     Answering paragraph 57 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph because of the ambiguity in the phrase, "redemption amounts which were adjusted to reflect the Athenian Fund's performance, as calculated by TFSI," and on that basis deny each and every such allegation contained in said paragraph.

58.     Answering paragraph 58 of the FAC, Defendants deny each and every allegation contained in said paragraph.

59.     Answering paragraph 59 of the FAC, Defendants admit the allegations in the first two sentences of said paragraph. Defendants deny the remaining allegations in said paragraph.

60.     Answering paragraph 60 of the FAC, Defendants admit the allegations in the first sentence of said paragraph. Defendants deny the remaining allegations in said paragraph.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**ANSWER TO FIRST AMENDED COMPLAINT**

61.     Answering paragraph 61 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations of the first sentence paragraph because of the uncertainty of the phrase, "seemed to prioritize," and on that basis deny each and every such allegation contained in said sentence. Defendants admit the allegations in the third sentence of said paragraph. Defendants deny the remaining allegations in said paragraph.

62.     Defendants deny each and every allegation contained in said paragraph.

63.     Answering paragraph 62 of the FAC, Defendants deny each and every allegation contained in said paragraph.

64.     Answering paragraph 63 of the FAC, Defendants deny each and every allegation contained in said paragraph.

65.     Answering paragraph 64 of the FAC, Defendants deny each and every allegation contained in said paragraph.

66.     Answering paragraph 65 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in said paragraph, and on that basis deny each and every such allegation contained in said paragraph.

67.     Answering paragraph 66 of the FAC, lack sufficient knowledge or information to admit or deny the allegations and on that basis deny each and every such allegation contained in said paragraph.

68.     Answering paragraph 67 of the FAC, Defendants deny each and every allegation contained in said paragraph.

69.     Answering paragraph 68 of the FAC, Defendants deny each and every allegation contained in said paragraph.

70.     Answering paragraph 69 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in said paragraph, and on that basis deny each and every such allegation contained in said paragraph.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**ANSWER TO FIRST AMENDED COMPLAINT**

71.     Answering paragraph 70 of the FAC, Defendants deny each and every allegation contained in said paragraph.

72.     Answering paragraph 71 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in said paragraph, and on that basis deny each and every such allegation contained in said paragraph.

73.     To the extent paragraph 73 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants make reference to the PPM for its terms and answering the remaining allegation of paragraph 72 of the FAC, Defendants admit the remaining allegations in said paragraph.

74.     Answering paragraph 74 of the FAC, Defendants admit that on April 3, 2014, the advisory firm directed Tweed to take certain corrective actions. As to the remaining allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in said paragraph, and on that basis deny each and every such allegation contained in said paragraph.

75.     Answering paragraph 75 of the FAC, Defendants deny each and every allegation contained in said paragraph.

76.     Answering paragraph 76 of the FAC, Defendants deny each and every allegation contained in said paragraph.

77.     Answering paragraph 77 of the FAC, Defendants admit that Tweed had been working diligently since 2012 to recover the $650,000 invested in QAMF and that approximately $43,000 of the amount due from Teamwork Retail's would be repaid over time to the extent funds were available from Teamwork Retail's quarterly earnings. Defendants deny the remaining allegation contained in said paragraph.

78.     Answering paragraph 78 of the FAC, Defendants deny each and every allegation contained in said paragraph.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**ANSWER TO FIRST AMENDED COMPLAINT**

79.     Answering paragraph 79 of the FAC, Defendants deny each and every allegation contained in said paragraph.

80.     Answering paragraph 80 of the FAC, Defendants deny each and every allegation contained in said paragraph.

81.     Answering paragraph 81 of the FAC, Defendants deny each and every allegation contained in said paragraph.

82.     To the extent paragraph 82 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, answering the remaining allegations of paragraph 81 of the FAC, Defendants admit the allegations in said paragraph.

83.     Answering paragraph 83 of the FAC, Defendants admit that Tweed was the primary contact with the limited partners of the Athenian Fund. Defendants admit that at times TFSI was registered as an investment adviser and Tweed was associated with TFSI.  Defendants deny the remaining allegations in said paragraph.

84.     To the extent paragraph 84 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said may be deemed factual, answering paragraph 83 of the FAC, Defendants deny each and every allegation contained in said paragraph.

85.     To the extent paragraph 85 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants deny each and every such allegation contained in said paragraph.

86.     To the extent paragraph 86 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, answering paragraph 85 of the FAC, Defendants deny each and every allegation contained in said paragraph.

87.     To the extent paragraph 87 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

paragraph may be deemed factual, answering paragraph 86 of the FAC, Defendants deny each and every allegation contained in said paragraph.

88.     To the extent paragraph 88 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, answering paragraph 86 of the FAC, Defendants deny each and every allegation contained in said paragraph.

## FIRST CLAIM FOR RELIEF

89.     Answering paragraph 88 of the FAC, Defendants incorporate their answers to paragraph 1 through 87 above.

90.     To the extent paragraph 90 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants deny each and every such allegation contained in said paragraph.

91.     Answering paragraph 91 of the FAC, Defendants deny each and every allegation contained in said paragraph.

92.     Answering paragraph 92 of the FAC, Defendants deny each and every allegation contained in said paragraph.

93.     To the extent paragraph 93 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants deny each and every such allegation contained in said paragraph.

## SECOND CLAIM FOR RELIEF

94.     Answering paragraph 93 of the FAC, Defendants incorporate their answers to paragraph 1 through 93 above.

95.     Answering paragraph 95 of the FAC, Defendants deny each and every allegation contained in said paragraph.

96.     Answering paragraph 96 of the FAC, Defendants deny each and every allegation contained in said paragraph.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

97.     To the extent paragraph 97 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants deny each and every such allegation contained in said paragraph.

98.     To the extent paragraph 98 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants deny each and every such allegation contained in said paragraph.

99.     Answering paragraph 99 of the FAC, Defendants deny each and every allegation contained in said paragraph.

100.    To the extent paragraph 100 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants deny each and every such allegation contained in said paragraph.

101.    To the extent paragraph 101 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants deny each and every such allegation contained in said paragraph.

102.    To the extent paragraph 102 of the FAC states legal conclusions, no response is required in this Answer. To the extent that any allegations of said paragraph may be deemed factual, Defendants deny each and every such allegation contained in said paragraph.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

1.     The FAC and each purported claim for relief therein fails to state a cause of action upon which relief can be granted against the Defendants.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**ANSWER TO FIRST AMENDED COMPLAINT**

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitation)

2.     Without admitting any wrongdoing or liability, each and every purported claim for relief therein is barred, in whole or in part, by the applicable statute or statutes of limitations, including but not limited to 28 U.S.C. § 2462.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

3.     Actions by Defendants were undertaken in good faith and in the absence of malicious intent to injure anyone, and were lawful, proper, privileged, and/or justified.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.     The FAC and each purported claim for relief therein is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Further Discovery)

5.     Without admitting any wrongdoing or liability, each and every purported claim for relief herein is barred, in whole or in part, because the Defendants were not the makers of the allegedly fraudulent misrepresentations.

## SIXTH AFFIRMATIVE DEFENSE

6.     Defendants reserve the right to timely amend or add available affirmative defenses as Defendants becomes aware through discovery, other investigation or additional disclosures by Plaintiff admitting any wrongdoing or liability, each and every purported claim for relief herein is barred, in whole or in part, because the Defendants were not the makers of the allegedly fraudulent misrepresentations.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**ANSWER TO FIRST AMENDED COMPLAINT**

1

## **PRAYER FOR RELIEF**

The Defendants respectfully requests that this Court grant judgment in their favor as follows:

1.     That the Plaintiff takes nothing by way of its FAC and that said FAC be dismissed with prejudice.

2.     That Defendants be awarded his costs and expenses; and

3.     That this Court grant Defendants such other and further relief as may be just and proper.

## **JURY DEMAND**

Defendants demand trial by jury on all issues triable by a jury.



Dated: March 1, 2019                    /s/Edward Gartenberg_____

Edward Gartenberg
Milena Dolukhanyan
Gartenberg Gelfand Hayton LLP
Attorneys for Defendants
Robert Russel Tweed and Tweed
Financial Services, Inc.