LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov
KATHRYN WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov

*Attorneys for Plaintiff*
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Edward Gartenberg, Esq. (Cal. Bar. No. 102693)
Milena Dolukhanyan (Cal. Bar No. 303157)
Gartenberg, Gelfand, Hayton LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Tel: (213) 542-2111
Fax: (213) 542-2101
Email: egarternberg@ggslaw.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>Defendants. | Case No. 2:17-cv-07251-FMO-E<br><br>**SECURITIES AND EXCHANGE COMMISSION'S MOTION IN LIMINE NO. 1 TO EXCLUDE ARGUMENTS AND EVIDENCE REGARDING MATTERS THAT ARE NOT ELEMENTS OF THE VIOLATIONS AT ISSUE**<br><br>Date: November 8, 2019<br>Time: 10:00 a.m.<br>Ctrm: 6D<br>Judge: Hon. Fernando M. Olguin |

## I. SEC INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC") moves *in limine* to exclude any evidence or argument on matters which are not elements of the charged violations. First, Defendants should not be able to introduce argument that the SEC must prove Defendants acted with scienter, or were reckless, with respect to the direct violations alleged by the SEC. Second, neither evidence nor argument regarding whether the Defendants' alleged conduct is "in connection with" the offer or sale of securities should be permitted. The SEC need not prove that Defendants acted with scienter to establish the direct violations of Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") alleged against Defendants and it need not prove that Defendants' conduct was in connection with the offer and sale of securities. Argument and evidence to the contrary is irrelevant and will likely serve to confuse the jury regarding the elements of the SEC's claims. The admission of such matters may cause the jury to believe the SEC is required to prove elements that it need not prove, thereby unduly prejudicing the SEC.

## II. SEC ARGUMENT

### A. Legal Standard

The Court has the authority to hear "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of a motion *in limine* is to avoid "the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). "Motions *in limine* also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial." *Id*. (citing *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002)). Last, *in limine* procedure also permits "more thorough briefing and argument on evidentiary issues than would be

likely during trial." *Colton Crane*, 2010 WL 2035800, at *1 (citing *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983)).

Rules 401-403 address what evidence is relevant and non-prejudicial.  Rule 401 states that "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401. Rule 402 states that relevant evidence is admissible and that irrelevant evidence is inadmissible. Fed. R. Evid. 402.  Rule 403 states that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or based on considerations of undue delay or waste of time. Fed. R. Evid. 403.

### B. Defendants Should Not Be Permitted to Offer Argument That the SEC Must Show Defendants Acted With Scienter in Directly Violating Section 206(4) of the Advisers Act and Rule 206(4)-8

The SEC anticipates that the Defendants plan to offer argument that the Defendants had "no intent to defraud[,]" or to otherwise discuss Defendants' scienter. (Dkt. No. 50-1 (Parties' Joint Submission for SEC's Motion for Summary Judgment) at 34:26-27 and 36:4-6.)  Such argument should not be permitted, as scienter, including references to recklessness, is not an element of the direct violations alleged by the SEC,[1] and such references would be irrelevant, improper, and would only serve to confuse the jury as to the proper elements of the claims at issue.

---

[1] The SEC has also alleged that Tweed aided and abetted TFSI's violations of Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder. To establish aiding and abetting liability, the Commission must show "(1) the existence of an independent primary violation; (2) actual knowledge by the alleged aider and abettor of the primary violation and of his or her own role in furthering it; and (3) 'substantial assistance' by the defendant in the commission of the primary violation." *SEC v. Fehn*, 97 F.3d 1276, 1288 (9th Cir. 1996); *see also SEC v. Apuzzo*, 689 F.3d 204, 211 (2d Cir. 2012).  The SEC will submit jury instructions clarifying the difference between the direct and indirect violations of Section 206(4), but seeks to prevent Defendants from muddying the waters on these issues before such instructions may be given.

2

The SEC has alleged that Defendants directly violated Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder. Dkt. No. 31 (First Amended Complaint) at ¶¶ 81-92. Section 206(4) prohibits investment advisers from, directly or indirectly, engaging in any act, practice or course of business that is fraudulent, deceptive, or manipulative. Rule 206(4)-8(a) defines such prohibited conduct to include: (1) making false or misleading statements or otherwise defrauding investors in pooled investment vehicles; or (2) engaging in fraudulent, deceptive or manipulative conduct with respect to any investor or prospective investor in a pooled investment vehicle. *See Prohibition of Fraud by Advisers to Certain Pooled Investment Vehicles*, Advisers Act Release No. 2628 (Aug. 3, 2007). Scienter is not required for violations of Section 206(4) and Rule 206(4)-8; rather, a showing of negligence is sufficient.[2] *Id*. at 12-13 ("We believe use of a negligence standard also is appropriate as a method reasonable designed to prevent fraud."); *SEC v. Steadman*, 967 F.2d 636, 647 (D.C. Cir. 1992) (scienter not required under Section 206(4)); *SEC v. Slocum, Gordon & Co.*, 334 F. Supp. 2d 144, 177-178 (D.R.I. 2004) (same); *SEC v. Daifotis*, 874 F. Supp. 2d 870, 887 (N.D. Cal. 2012) (same).

Because scienter is not an element of the Defendants' direct violations, argument regarding the Defendants' intent is irrelevant. When parties attempt to admit evidence that is irrelevant, it is necessary for the Court to exclude the evidence before trial. *See U.S. v. Cabrera*, 222 F.3d 590, 596 (9th Cir. 2000) (excluding irrelevant evidence to ensure the jury focused on the actual trial issues). Even if the Court finds that the anticipated arguments relating to Defendants' scienter have some

---

[2] Defendants have previously improperly relied upon a statement by a Commissioner to argue that scienter is an element of the violations charged. (Dkt. No. 50-1, at 36:4-6.) However, such a statement is not binding legal authority and should be disregarded against the weight of the authority in this Circuit and others. *See Siddell, v. Commissioner of Internal Revenue*, 177 F. 3d 136, 145 (1st Cir. 2000) ("statements by individual IRS employees cannot bind the Secretary [of the Treasury]"); *SEC v. Nat'l Student Mktg. Corp.*, 68 F.R.D. 157, 160 (D.D.C. 1975) ("the views of an individual Commissioner will not invariably reflect the position of the agency as a whole").

3

bearing on this litigation, the Court should exclude it, due to the danger that it will be prejudicial, confuse the issues, and waste time. Rule 403 of the Federal Rules of Evidence states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. If this evidence or argument were admitted at trial, the jury would likely speculate about the Defendants' intent and give improper weight to such concerns, rather than focus on the critical facts before them.

Finally, argument regarding Defendants' scienter, while arguably relevant to remedies, should not be presented or argued in front of the jury, at the risk of introducing undue confusion. The question of Defendants' scienter as it applies to the requested injunctive relief and imposition of civil penalties is a matter for the Court not the jury. *SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993) (holding that an action by the SEC is more analogous to the traditional jurisdiction of equity to award restitution and that the defendant did not have a right of trial by jury). Introducing argument with respect to scienter at trial would serve to unduly confuse the jury and cause unnecessary delay of the trial as the jury would likely improperly focus on the Defendants' motivations rather than the questions before them.[3] Fed. R. Evid. 403.

### C. Defendants Should Not Be Permitted to Offer Evidence or Argument Pertaining to Whether Defendants' Conduct was "In Connection With" The Offer or Sale of Securities

The SEC expects that Defendants will offer evidence and argument that the quarterly reports for the period running October 2012 to April 2014 were "not made in connection with the offer or sale of securities." (Dkt. No. 50-1 (Parties' Joint Submission for SEC's Motion for Summary Judgment) at p. 2:18-20.) Such evidence

---

[3] Accordingly, the SEC has proposed a jury instruction to address this issue and opposes the special verdict forms proposed by Defendants.

4

and argument is irrelevant, unduly prejudicial, and likely to confuse the jury because whether the Defendants' actions are "in connection with" the offer or sale of securities is not an element of the violations with which Defendants are charged.

The SEC has alleged that Defendants directly violated Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder. (Dkt. No. 31 (First Amended Complaint) at ¶¶81-92.) Neither Section 206(4) of the Advisers Act nor Rules 206(4)-8(a)(1) and (2) require that the violative conduct be "in connection with" the offer or sale of securities. 15 U.S.C. § 80b-6(4); 17 C.F.R. § 275.206(4)-8(a). Because "in connection with" is not an element of the violation alleged against Defendants, such argument and evidence is irrelevant as discussed above, and should therefore be excluded under Fed. R. Evid. Rules 401 and 402. Even if it were relevant, which it is not, it would also be both unduly prejudicial and serve to confuse the jury. Fed. R. Evid. 402, 403. If this evidence and/or argument were admitted at trial, the jury would likely be confused as to whether "in connection with" is an element of the violations Defendants are charged with, and would waste valuable juror and court time addressing questions that are not at issue.

## III. SEC CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court grant its motion and preclude any argument by Defendants concerning Defendants' scienter and any evidence or argument regarding whether or not the Defendants' conduct is "in connection with" with the offer or sale of securities.

## DEFENDANTS' OPPOSITION TO SEC's MOTION IN LIMINE NO. 1
### I.      DEFENDANTS' INTRODUCTION

The SEC's Motion in Limine purports to exclude matters that are not elements of the alleged violations. This is a misstatement. The actual Motion seeks to exclude evidence of scienter which *is relevant to claims that the SEC has brought* for "aiding and abetting liability." "Actual knowledge" is an element for "aiding and

5

1  abetting." Excluding this evidence would be improper, prejudicial to Defendants, and
2  fundamentally unfair.
3      Moreover, the SEC's concerns regarding evidence of scienter, and evidence
4  regarding "in connection with," can be dealt with in appropriate jury instructions.
5  According, the SEC's MIL No. 1 should be denied in its entirety.

6  **II.    DEFENDANTS' ARGUMENT IN OPPOSITION TO SEC'S MOTION**
7          **IN LIMINE NO. 1**
8      **A.    It is Uncertain Whether Scienter Is Not Required for Violations**
9          **Under Section 206 of the Advisors Act**

10      The SEC relies upon *SEC v. Steadman*, 967 F.2d 636, 646 (D.C. Cir. 1992) for
11  the proposition that scienter is not required under section 206(4). This law, however,
12  is not necessarily controlling. In *Carroll v. Bear Stearns & Co.* (S.D.N.Y.) 1976) 416
13  F. Supp. 998, 1002, held scienter was required for a violation of section 206.
14  Accordingly, the law is disputed on this point and excluding the evidence outright
15  would be improper.

16      **B.    Evidence of Scienter Should Not Be Excluded Because it is Relevant**
17          **To Claims Asserted by the SEC and Jury Instructions Can Clarify**
18          **for the Jury Which Elements Are Required for Each Claim**

19      The SEC seeks to exclude evidence regarding "scienter" claiming it is not an
20  element of their claim that Defendants violated Section 206(4) of the Advisers Act
21  and Rule 206(4)-8.
22      The SEC admits, however, that it has alleged liability for aiding and abetting,
23  and that ***scienter is relevant for that claim***. (See SEC Opposition footnote 1.)
24  Specifically, "actual knowledge" is required for aiding and abetting.
25      In addition, scienter is relevant to the nature and extent of civil remedies, even
26  if it is not an element of *the offense. See SEC v. Reserve Mgmt. Co. (In re Reserve*
27  *Fund Secs. & Derivative Litig. (S.D.N.Y. Sept. 30, 2013) 2013 U.S.Dist.LEXIS*
28  *141018, at \*64.).* Scienter is also relevant to remedies including whether or not to

grant an injunction and penalties.

Because "scienter" is relevant to Defendants' defense for a myriad of reasons, excluding evidence on this point would be improper. Any confusion can be easily clarified through specific instructions to the jury.

### C. Precluding Evidence "In Connection With" Is Unnecessary Because Jury Instructions Can Clarify for the Jury Which Elements are Required for Each Claim

As set forth above in connection with "scienter" any outright exclusion of evidence of "in connection with" is unnecessary. Any ambiguity on this point can easily be clarified for the jury through jury instructions.

### III. CONCLUSION

For the reasons set forth above, the SEC's Motion in Limine No. 1 should be denied in its entirety.

Dated: October 18, 2019            Respectfully submitted,

/s/ Lynn M. Dean
Lynn M. Dean
Kathryn Wanner
Counsel for Plaintiff
Securities and Exchange Commission


Dated: October 18, 2019            /s/ Edward Gartenberg
Edward Gartenberg
Milena Dolukhanyan
Gartenberg Gelfand Hayton LLP
Attorneys for Defendants
Robert Russel Tweed and Tweed Financial Services, Inc.

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On October 18, 2019, I caused to be served the document entitled **SECURITIES AND EXCHANGE COMMISSION'S MOTION IN LIMINE NO. 1 TO EXCLUDE ARGUMENTS AND EVIDENCE REGARDING MATTERS THAT ARE NOT ELEMENTS OF THE VIOLATIONS AT ISSUE** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  October 18, 2019         /s/ *Lynn M. Dean*
                                Lynn M. Dean

1

*SEC v. Tweed Financial Services, Inc., et al.*

**United States District Court—Central District of California**
**Case No. 2:17-cv-07251-FMO-E**

## SERVICE LIST

Edward Gartenberg, Esq. *(via ECF only)*
Gartenberg, Gelfand, Hayton LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Tel: (213) 542-2111
Fax: (213) 542-2101
Email: egarternberg@ggslaw.com
*Attorneys for Defendants*

2