LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov
KATHRYN WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov

*Attorneys for Plaintiff*
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Edward Gartenberg, Esq. (Cal. Bar No. 102693)
Milena Dolukhanyan (Cal. Bar No. 303157)
Gartenberg, Gelfand, Hayton LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Tel: (213) 542-2111
Fax: (213) 542-2101
Email: egarternberg@ggslaw.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>Defendants. | Case No. 2:17-cv-07251-FMO-E<br><br>**SECURITIES AND EXCHANGE COMMISSION'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING MATTERS PREVIOUSLY ADMITTED BY DEFENDANTS**<br><br>Date:      November 8, 2019<br>Time:      10:00 a.m.<br>Ctrm:      6D<br>Judge:    Hon. Fernando M. Olguin |

# **TABLE OF CONTENTS**

SEC'S MOTION IN LIMINE NO. 2...........................................................................1

I.      INTRODUCTION ...........................................................................................1

II.     ARGUMENT...................................................................................................1

        A.      Legal Standard...................................................................................1

        B.      Defendants Have Admitted that Tweed and TFSI are Investment
                Advisers..............................................................................................2

        C.      Defendants Have Admitted that They Made the Statements in the
                Quarterly Account Statements ..........................................................3

        D.      Evidence and Argument Contrary to Defendants' Admissions Should
                be Excluded as Confusing and a Source of Undue Delay...................6

III.    CONCLUSION................................................................................................6

DEFENDANTS' OPPOSITION TO SEC'S MOTION IN LIMINE NO. 2 ............6

I.      DEFENDANTS' INTRODUCTION ..............................................................6

II.     DEFENDANTS' ARGUMENT IN OPPOSITION TO SEC'S
        MOTION IN LIMINE NO. 2 .........................................................................7

        A.      Defendants Dispute Whether They Are Investment Advisors.............7

        B.      Defendants Were Not the Makers of the Statements in the Quarterly
                Account Statements.............................................................................9

III.    CONCLUSION..............................................................................................12

1

# **TABLE OF AUTHORITIES**

2

## **Cases**

3

*Abrahamson v. Fleschner*,
    568 F.2d 862 (2d Cir. 1977) ............................................................3

4

*Abramson v. Fleshner*,
    568 F.2d 862 (2d Cir. 1977), cert. denied, 436 U.S. 906 and 436 U.S. 913
    (1978)..............................................................................................9

6

*Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*,
    No. CV 08-8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19,
    2010).............................................................................................1

8

*Financial Planning Ass'n v. SEC*,
    482 F3d 481 (D.C. Cir. 2007).........................................................3

10

*In re Japanese Electronic Products Antitrust Litig.*,
    723 F.2d 238, 260 (3d Cir. 1983) ...................................................2

11

*Janus Capital Group, Inc. v. First Derivative Traders*,
    564 U.S. 135 (2011)...............................................................4, 5, 9

13

*Lorenzo v. SEC*,
    139 S. Ct. 1094 (2019)..............................................................5, 11

14

*Louzon v. Ford Motor Co.*,
    718 F. 3d 556 (6th Cir. 2013) ....................................................7, 11

16

*Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).............................1

17

*SEC v. Ahmed*,
    308 F. Supp. 3d 628 (D. Conn. 2018) .............................................3

18

*SEC v. Reserve Mgmt. Co. (In re Reserve Fund Secs. & Derivative Litig.)*,
    2012 U.S. Dist. LEXIS 191101 (S.D.N.Y. Oct. 8, 2012)....................4

20

*United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) ...............1

21

*Wallent v. Bendelac (In re Bendelac)*
    2005 Bankr. LEXIS 3484, 2005 Bankr. LEXIS 3484 (Bankr.S.D.N.Y. 2005)8

22

*Wang v. Gordon*,
    715 F.2d 1187 (7th Cir. 1983) .......................................................8

24

25

## **Statutes**

26

Rule 206(4)-8,
    17 C.F.R. §275.206(4)-8.................................................................2

27

Section 206(4) of the Advisers Act,
    15 U.S.C. §80b-6(4)......................................................................2

28

**<u>Rules</u>**

Fed. R. Evid. 403 ...................................................................................2, 6

**SEC'S MOTION IN LIMINE NO. 2**

## I.   INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC") moves *in limine* to exclude any evidence or argument on two factual areas that Defendants have already admitted, including that Defendants Tweed Financial Services, Inc. ("TFSI") and Robert Russel Tweed ("Tweed") were investment advisers and that they made the statements in the quarterly account statements.  At the meet and confer held on October 3, 2019, Defendants did not identify any new facts to support their argument that (1) Defendants were not investment advisers; or that (2) Defendants did not "make" the statements in the quarterly reports.  Because Defendants have admitted to these facts, introducing contrary facts and arguments at trial would be unduly prejudicial because it will force the SEC to introduce evidence rebut fact Defendants previously admitted, will likely confuse the jury, cause delay, and waste the Court's time.

## II.   ARGUMENT

### A.   Legal Standard

The Court has the authority to hear "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  The purpose of a motion *in limine* is to avoid "the futile attempt of 'unring[ing]' the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record."  *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc*., No. CV 08-8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010).  "Motions *in limine* also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial."  *Id*. (citing *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002)).  Last, *in limine* procedure also permits "more thorough briefing and argument on evidentiary issues than would be likely during trial."  *Colton Crane*,

1

2010 WL 2035800, at *1 (citing *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983)).

Rule 403 addresses what evidence is non-prejudicial. Rule 403 states that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or based on considerations of undue delay or waste of time. Fed. R. Evid. 403.

**B.    Defendants Have Admitted that Tweed and TFSI are Investment Advisers**

The SEC anticipates that the Defendants plan to offer evidence and argument contending that Defendants are not investment advisers. For example, Defendants have already taken the position that the question of whether Tweed and TFSI were investment advisers is a triable issue of fact. (Dkt. No. 50-1 (Parties' Joint Submission for SEC's Motion for Summary Judgment) at 32-33.)

However, there is no question that both Tweed and TFSI are investment advisers under the Investment Advisers Act of 1940 ("Advisers Act"), and thus subject to the provisions in Section 206(4) of the Advisers Act, 15 U.S.C. §80b-6(4), and Rule 206(4)-8, 17 C.F.R. §275.206(4)-8, thereunder. First, Defendants have admitted that TFSI was an investment adviser to the investment fund, Athenian Fund, L.P.:

> REQUEST FOR ADMISSION NO. 7:
>
> Admit that from January 22, 2008 to October 2017, *TFSI* was the general partner of the Athenian Fund as well as *the Athenian Fund's investment adviser* and administrator.
>
> RESPONSE TO REQUEST NO. 7:
>
> *Admitted.*

Declaration of Lynn Dean ("Dean Decl.") at Ex. 5 (Tweed RFA Responses Resp. No. 7. (emphasis added.) Second, Defendants have admitted that Tweed moved the

2

Athenian Fund's capital to QAMF.  *Id.*, Resp. No. 14.  Finally, Defendants admitted that Tweed made the investment with Teamwork Retail.  *Id.*, Resp. No. 25.

Section 202(a)(11) of the Advisers Act defines an "investment adviser" as any person who, for compensation, is engaged in the business of providing advice to others or issuing reports regarding securities. 15 U.S.C. § 80b-2(a)(11).  Tweed and TFSI easily meet this definition.  Tweed established TFSI to provide investment advisory services to his clients.  Dkt. No. 50-2 (Separate Statement of Undisputed Facts at P1-P2; and Dkt. No. 51 Joint Evidentiary Appendix to SEC's Motion for Summary Judgment at Tabs 2-5.)  Tweed and TFSI managed the Athenian Fund. Dkt. No. 50-2 at P10-13 and P19; Dkt. No. 51 at Tabs 5, 6, 10, 13, 50.  Defendants provided advice to Athenian Fund investors during the relevant period by exercising control over client funds, as Defendants have admitted in their discovery responses. (Dean Decl. at Ex. 5 Tweed RFA Resp. No. 7, 14, 25).  Such control over investors' funds is a hallmark of being an investment adviser.  *See  Abrahamson v. Fleschner*, 568 F.2d 862, 871 (2d Cir. 1977) ("investment advisers 'advise' their customers by exercising control over what purchases and sales are made with their clients' funds"). Indeed, the definition of an investment adviser is a "broad definition" and includes both those who receive compensation for investing funds for their clients or those who advise by exercising control.  *SEC v. Ahmed*, 308 F. Supp. 3d 628, 652 (D. Conn. 2018) (*citing Financial Planning Ass'n v. SEC*, 482 F3d 481, 484 (D.C. Cir. 2007)).  It is undisputed that it was TFSI, through Tweed, that invested the Athenian Fund assets with QAMF and Teamwork Retail.  Dean Decl. at Ex. 5 (Tweed RFA Resp. No. 7, 14, 25.  Therefore, both Tweed and TFSI are investment advisers under the Advisers Act.

### C.    Defendants Have Admitted that They Made the Statements in the Quarterly Account Statements

The SEC expects that Defendants will offer evidence and argument that the Defendants did not "make" the statements in the quarterly account statements.  Dkt.

50-1 at 31.  Such a claim is contrary to the Defendants' own admissions and should be excluded.

Anyone who "makes" a misleading statement or omission, or who has "ultimate authority over" it, can be liable under Rule 10b-5(b).  *See Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011).  Although the SEC does not concede that *Janus* applies to Advisers Act claims,[1] assuming for argument's sake that it did, both Tweed and TFSI were clearly "makers" of the statements in the quarterly account statements here, and knowingly disseminated false statements to investors.

First, Tweed admitted in his responses to the SEC's First Set of Requests for Admission that TFSI, though Tweed, sent the quarterly account statements to investors, and thus made the statements:

> REQUEST FOR ADMISSION NO. 22:
> Admit that from October 2012 to the first quarter of 2014, *TFSI, acting through Tweed, issued quarterly account statements to Athenian Fund investors* valuing the Athenian Fund's investment in QAMF at $777,190, including principal and accrued interest.
> RESPONSE TO REQUEST NO. 22:
> *Admitted*

Dean Decl. at Ex. 5, Resp. No. 22 (emphasis added.)

Second, while Defendants will likely try to create a disputed fact by arguing that Boyd Cook or Lunsford & Peck "made" the statements in the Athenian Fund Account Statements Dkt No. 50-1, p. 24, 31, the evidence is unequivocal that Tweed

---

[1] "[I]t is far from clear that *Janus* applies to a claim under the Investment Advisers Act.  *Janus* addresses the scope of private actions under Rule 10b-5, and, in particular, language in that rule providing that it is unlawful to 'make any untrue statement of a material fact . . . in connection with the purchase or sale of any security.'"  *SEC v. Reserve Mgmt. Co. (In re Reserve Fund Secs. & Derivative Litig.)*, 2012 U.S. Dist. LEXIS 191101, *35 (S.D.N.Y. Oct. 8, 2012)

1    and TFSI were responsible for the content of the statements.  *See Janus Capital*

2    *Group,* 564 U.S. at 143 ("[T]he maker of a statement is the person or entity with

3    ultimate authority over the statement[.]")  Tweed and TFSI hired outside accounting

4    firm Lunsford & Peck to do the physical preparation of the investor account

5    statements.  Boyd Cook, a non-CPA, did the bulk of the physical preparation and then

6    emailed them to Tweed so that Tweed could review them and mail them to investors.

7    Dkt. No. 50-2 at P94; Dkt. No. 51 at Tab 52; Dkt. No. 55 Declaration of Kathryn C.

8    Wanner Ex. 1 (Tweed Test. 190:13-18).)  In the absence of statements to support the

9    value of the Fund's investments, Tweed instructed Cook to continue to carry the

10   assets at their original value and Cook did so.  Dkt. No. 50-2 at P92-93 and P95-96;

11   Dkt. No. 51 at Tabs 32, 52.  Cook then emailed the statements to Tweed, and Tweed

12   mailed them to investors.  Dkt. No. 50-2 at P94; Dkt. No. 51 at Tab 52.  Tweed and

13   TFSI thus "made" the statements at issue.  As the Supreme Court explained in *Janus*,

14   "the maker of a statement is the person or entity with ultimate authority over the

15   statement, including its content and whether and how to communicate it."  *Janus*

16   *Capital*, 564 U.S. at 142 ("This rule might best be exemplified by the relationship

17   between a speechwriter and a speaker.  Even when a speechwriter drafts a speech, the

18   content is entirely within the control of the person who delivers it.  And it is the

19   speaker who takes credit – or blame – for what is ultimately said").

20        Moreover, and assuming *arguendo* that *Janus* precluded liability, Defendants

21   are still liable because they disseminated false statements in violation of the Advisers

22   Act.  Following *Janus,* the Supreme Court clarified the scope of liability under Rule

23   10b-5(a) and (c) – which are comparable in language to the Advisers Act violations

24   charged here – holding that knowingly disseminating a false or misleading statement

25   to investors with the intent to defraud is still a violation of Rule 10b-5(a) and (c),

26   regardless of who is attributed as the maker of the statements.  *Lorenzo v. SEC*, 139

27   S. Ct. 1094, 1099 (2019).  Similarly, here, under the Advisers Act, at the very least

28   the Defendants disseminated a false or misleading statement to investors with the

5

intent to defraud.  Dean Decl. at Ex. 5, Resp. No. 22 (acknowledging that TFSI through Tweed issued the quarterly account statements).

### D. Evidence and Argument Contrary to Defendants' Admissions Should be Excluded as Confusing and a Source of Undue Delay

Because Defendants have admitted that TFSI was an investment adviser to the Athenian Fund and that TFSI and Tweed were the makers of the statements in the quarterly account statements, argument and evidence to the contrary would only serve to confuse the issues, mislead the jury, cause undue delay, and waste the Court's time.  The SEC will be prejudiced if the jury hears argument or facts as to either of these two admitted facts, because determination of these facts are not necessary to prove any of the legal claims against the defendants.  Therefore, such evidence and argument would be unnecessarily confusing and misleading and would merely delay the trial and introduce confusion as to what elements the jury must consider.  Fed. R. Evid. 403.  Accordingly, the SEC moves *in limine* to prevent any such evidence or argument.

## III. CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court grant its motion and preclude any argument or evidence by Defendants concerning whether Defendants were investment advisers and whether they made the statements in the quarterly account statements.

## DEFENDANTS' OPPOSITION TO SEC'S MOTION IN LIMINE NO. 2

## I. DEFENDANTS' INTRODUCTION

The SEC's Motion in Limine No. 2 purports to exclude evidence that it claims Defendants already admitted.

Specifically, the SEC seeks to exclude evidence of whether or not Defendants were investment advisors in this case.  That is a central issue in this case and ***it is a***

*matter that should be decided by the weight of the evidence.*

The SEC also seeks to prevent Defendants from introducing evidence that they were not the makers of the statements in the quarterly account statements.  It is Defendants' position that they were ***not*** the "makers" of the statements in the quarterly account statements, ***and there is compelling disputed evidence on this point***.

Evidence relating to both of these matter should not be excluded because they have not been admitted, and they involve disputed facts and are not properly subject to motions in limine.  *Louzon v. Ford Motor Co.*, 718 F. 3d 556, 561 (6th Cir. 2013).

Accordingly, the SEC's Motion in Limine No. 2 should be denied in its entirety.

## II.   DEFENDANTS' ARGUMENT IN OPPOSITION TO SEC'S MOTION IN LIMINE NO. 2

### A.   Defendants Dispute Whether They Are Investment Advisors

As to the important issue relating to the disclosures of the applicable quarterly statements, neither Defendants Tweed Financial Services, Inc. ("TFSI") nor Tweed, individually, were acting as investment advisers.  (See Declaration of Edward Gartenberg filed in Support of Oppositions to SEC's Motions in Limine ("Gartenberg MIL Oppo Decl."), **Exhibit 1**,  Tweed's Declaration filed in Opposition to Motion for Summary Judgment, at ¶¶ 34-35.)  The SEC's argument otherwise, goes to the weight of the evidence.

Notably, Tweed's Declaration filed in Opposition to the Motion for Summary Judgment states, "As to the disclosures of the applicable quarterly statements, neither TFSI nor I were acting as investment advisers. Neither TFSI nor I were providing advice to any of the investors about whether or not to make any investment decisions relating to the Fund at the time of Quarterly Reports were distributed to investors." (Id.)

During the period at issue (Q4 2012 through Q1 2014), neither TFSI nor

1   Tweed received any compensation with respect to the Fund.  Neither TFSI nor Tweed

2   were providing advice to any of the investors about whether or not to make any

3   investment decisions relating to the Fund at the time of Quarterly Reports were

4   distributed to investors.  The quarterly reports were prepared by Lunsford Peck and

5   Cook, whom the Defendants assert issued the reports.

6       In addition, as to Tweed individually, his position with TFSI did not make him

7   personally an investment adviser.  In *Wallent v. Bendelac (In re Bendelac)* 2005

8   Bankr. LEXIS 3484, 2005 Bankr. LEXIS 3484 (Bankr.S.D.N.Y. 2005), the Court

9   held that the Debtor was not an investment adviser, notwithstanding that the Debtor

10  was an executive officer and director of a corporation which had filed a form 10-KSB

11  with the SEC identifying itself as a registered investment advisory firm, the where the

12  Debtor testified that the corporation was actually only a broker/dealer at the relevant

13  time and that the Debtor personally was simply a registered broker with a securities

14  license. The Court held:

15      Plaintiffs have not demonstrated either the necessary facts or the legal

16      guidance that would persuade this Court that the Debtor should be

17      considered an investment adviser for the purposes of the Investment

18      Advisers Act. The Debtor testified that he did not act as an investment

19      adviser in his capacity as an officer or director of Laidlaw, stating that he

20      was "simply a broker." 3/23 Tr. at 154-155. The Debtor may have

21      received substantial compensation from Laidlaw, but it was not shown

22      that Debtor's compensation from Laidlaw was directly related to

23      providing investment advice.

24  *Id*., 2005 Bankr. LEXIS 3484, at *49. *See also, Wang v. Gordon*, 715 F.2d 1187,

25  1192 (7th Cir. 1983) (Defendant general partner was not an investment adviser under

26  §202(a)(11) of the Adviser's Act where he was compensated for selling partnership

27  property but not for information regarding securities.)

28      The cases cited by the SEC on the issue of the status of the Defendants are

distinguishable.  In *Abramson v. Fleshner*, 568 F.2d 862 (2d Cir. 1977), cert. denied, 436 U.S. 906 and 436 U.S. 913 (1978), the general partner defendants were receiving compensation and the monthly reports which contained the alleged fraudulent representations were reports which provided investment advice to the limited partners (*Id.* at 870); here that is not true for the Defendants with respect to the time at issue.

### B.  Defendants Were Not the Makers of the Statements in the Quarterly Account Statements

In *Janus Capital Group, Inc. v. First Derivative Traders* (2011) 564 U.S. 135, the Supreme Court held that in a private Rule 10b-5 action, an investment adviser could not be liable for securities fraud where the adviser was not the "maker" of the allegedly false statement.

The SEC's Motion also cites to *Janus*, and argues that Defendants had the ultimate authority over the allegedly false statements and were therefore liable as the "maker" of the statements.  Whether or not Defendants had the ultimate authority, however, is disputed and the evidence in this case must be weighed.

Tweed contends that the "maker" of the statements for 2012 Q4 through 2013 Q4 was Lunsford Peck and for 2014 Q1 it was Boyd.  Lunsford Peck prepared all of these statements, except for the 2014 Q1 statement. Its name appears on those statements. In the 2014 Q1, that name is replaced by Cook's.  Tweed received the statements before they were sent out, but he did not instruct the accountants what to put in them.  In Tweed's Declaration in Opposition to the MSJ at ¶s 16-25, he explained:

1.  *Neither I nor TFSI instructed Cook or any other person at Lunsford Peck on how to prepare the Quarterly Reports or what numbers to use for any valuation reflected in the Quarterly Reports.*
2.  *I timely provided Lunsford Peck with the financial reports I received from QAMF to assist with preparing the Quarterly Reports.*

9

3. *In connection with the issuance of the Quarterly Reports, I specifically asked Gabriel and/or Cook about the appropriate valuation of the QAMF Investment.   I was assured by one or both of them that the valuations reflected in the Quarterly Reports were appropriate until when, and if, another specific value was known. At the time the Quarterly Reports were issued no other specific value was known by me.*

4. *Promptly upon learning that the potential repayment of the QAMF Investment was reduced from approximately $776,000 to $650,000,   I so advised Lunsford Peck and this was reflected on the next quarterly report for the Fund.*

5. *In connection with the issuance of the Quarterly Reports, I specifically asked Gabriel and/or Cook about the appropriate valuation of the Teamwork Retail Loan.   I was assured by one or both of them that the valuations reflected in the Quarterly Reports were appropriate until when, and if, another specific value was known.  At the time the Quarterly Reports were issued no other specific value was known by me.*

6. *Promptly upon learning that the potential repayment of the Teamwork Retail Loan was reduced from approximately $200,000 to $43,500, I advised Cook of that. That reduction was made by the Bankruptcy Court in the Teamwork Retail Bankruptcy.   A corresponding reduction was reflected on the next quarterly report for the Fund*

7. *Cook and Lunsford Peck prepared and issued the Quarterly Reports.*

8. *Neither TFSI nor I received any compensation with respect to the Fund.*

9. *At the time each of the Quarterly Reports was prepared, I believed that the quarterly statements provided appropriate valuations.  I was advised by Lunsford Peck that the Quarterly Reports they prepared were appropriate.   I was specifically advised by Lunsford Peck that the Quarterly Reports they prepared did not violate any accounting rules or otherwise violate the law.  Promptly after I came to believe that full recovery of the different investments was apparently not*

1  *likely, the quarterly reports reduced the value reported for each investment.*

2  *10. I relied upon Cook and Lunsford Peck as to what was reflected as values in the*

3  *Quarterly Reports.   I received copies of those Quarterly Reports prepared by*

4  *Lunsford Peck and Cook before they were distributed to investors in the Fund, but*

5  *I did not change anything on the reports as they were provided to me by*

6  *Lundsford Peck and Cook.   I relied entirely on Cook and Lunsford Peck as to*

7  *what appeared on the Quarterly Reports.   After receiving the Quarterly Reports*

8  *from Lunsford Peck, I viewed by role and that of TFSI in distributing them as*

9  *ministerial.   Any role I had in distributing the Quarterly Reports was done in*

10  *good faith.*

11  (Gartenberg MIL Oppo Decl., **Exhibit 1**, Tweed's Declaration filed in

12  Opposition to Motion for Summary Judgment, at ¶¶ 16-25.)

13      Based on this evidence, Lunsford Peck and Cook, not the Defendants, are the

14  "makers." While the SEC disputes this that simply makes this a triable issue of mixed

15  fact and law.  A motion in limine cannot be used to resolve factual disputes.  *Louzon*

16  *v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013).

17      The SEC also cites to *Lorenzo v. SEC*, 139, S. Ct. 1094, 1099 (2019), where

18  the Court held that a person disseminating false or misleading statements with the

19  intent to defraud can violate the anti-fraud provisions of the federal securities laws,

20  even if that person or entity could not be liable for securities fraud as the maker of an

21  untrue statement of material fact.  *Id*. at 1998.  In other words, *Lorenzo* deals with

22  liability for those who do ***not*** "make" statements, but who otherwise disseminate

23  false or misleading statements with the intent to defraud. *Id*. at 1099.  *Lorenzo*,

24  therefore, because it does not discuss the "maker" liability, provides ***no guidance***

25  ***applicable to Plaintiff's instant Motion in Limine*** seeking to exclude testimony and

26  evidence regarding whether Defendants' made statements in the quarterly account

27  statements.

28

11

III.    **<u>CONCLUSION</u>**

For the reasons set forth above, the SEC's Motion in Limine No. 2 should be denied in its entirety.


Dated:  October 18, 2019                    Respectfully submitted,


                                            */s/ Lynn M. Dean*
                                            Lynn M. Dean
                                            Kathryn Wanner
                                            Counsel for Plaintiff
                                            Securities and Exchange Commission

Dated:  October 18, 2019                    */s/ Edward Gartenberg*
                                            Edward Gartenberg
                                            Milena Dolukhanyan
                                            Gartenberg Gelfand Hayton LLP
                                            Attorneys for Defendants
                                            Robert Russel Tweed and Tweed
                                            Financial Services, Inc.

## **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

      U.S. SECURITIES AND EXCHANGE COMMISSION,
      444 S. Flower Street, Suite 900, Los Angeles, California 90071
      Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On October 18, 2019, I caused to be served the document entitled **SECURITIES AND EXCHANGE COMMISSION'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING MATTERS PREVIOUSLY ADMITTED BY DEFENDANTS** on all the parties to this action addressed as stated on the attached service list:

☐   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

      I declare under penalty of perjury that the foregoing is true and correct.

Date:  October 18, 2019              */s/ Lynn M. Dean*
                                 Lynn M. Dean

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***SEC v. Tweed Financial Services, Inc., et al.***

**United States District Court—Central District of California**
**Case No. 2:17-cv-07251-FMO-E**

## <u>SERVICE LIST</u>

Edward Gartenberg, Esq. ***(via ECF only)***
Gartenberg, Gelfand, Hayton LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Tel: (213) 542-2111
Fax: (213) 542-2101
Email: egarternberg@ggslaw.com
*Attorneys for Defendants*