LYNN M. DEAN (Cal. Bar No. 205562)
Email:  deanl@sec.gov
KATHRYN WANNER (Cal. Bar No. 269310)
Email:  wannerk@sec.gov

Michele Wein Layne, Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Attorneys for Plaintiff
Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>  Defendants. | Case No. 2:17-cv-07251-FMO-E<br><br>**DECLARATION OF LYNN M. DEAN IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTIONS IN LIMINE 1-4**<br><br>Date:   November 8, 2019<br>Time:   10:00 a.m.<br>Ctrm:   6D<br>Judge:  Hon. Fernando M. Olguin |

I, Lynn M. Dean, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney at law admitted to practice law in the State of California and before the United States District Court for the Central District of California. I am employed as an attorney in the Los Angeles Regional Office of the U.S. Securities and Exchange Commission ("SEC"), and am counsel of record for the SEC in this case. I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, could and would competently testify thereto.

2. In preparation for filing the SEC's Motions in Limine, SEC counsel Lynn M. Dean and Kathryn Wanner met and conferred with Defendants' counsel Edward Gartenberg at Mr. Gartenberg's offices on October 3, 2019. A true and correct copy of the transcript of that meet and confer is attached hereto as Exhibit 6.

### A. Motion in Limine No. 1

3. With respect to the SEC's Motion in Limine Number 1 to Exclude Evidence and Argument Regarding Matters that are Not Elements of the Violations at Issue, the SEC seeks to exclude any evidence or argument on matters which are not elements of the charged violations. First, Defendants should not be able to introduce argument that the SEC must prove Defendants acted with scienter, or were reckless, with respect to the direct violations alleged by the SEC. Second, neither evidence nor argument regarding whether the Defendants' alleged conduct is "in connection with" the offer or sale of securities should be permitted. The SEC need not prove that Defendants acted with scienter to establish the direct violations of Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") alleged against Defendants and it need not prove that Defendants' conduct was in connection with the offer and sale of securities. Argument and evidence to the contrary is irrelevant and will likely serve to confuse the jury regarding the elements of the SEC's claims. The admission of such matters may cause the jury to believe the SEC is required to prove elements that it need not prove, thereby unduly prejudicing the SEC.

4. SEC counsel addressed its concerns regarding argument regarding scienter and evidence and argument regarding "in connection with" with opposing counsel during the in person meet and confer. Defendants' counsel has declined to stipulate that Defendants will not seek to introduce such evidence or make such argument to the jury.

### B. Motion in Limine No. 2

5. With respect to the SEC's Motion in Limine Number 2 to Exclude Evidence and Argument Regarding Matters Previously Admitted By Defendants, the SEC seeks to exclude any evidence or argument on two factual areas that Defendants have already admitted, including that Defendants Tweed Financial Services, Inc. ("TFSI") and Robert Russel Tweed ("Tweed") were investment advisers and that they made the statements in the quarterly account statements. At the meet and confer held on October 3, 2019, Defendants did not identify any new facts to support their argument that (1) Defendants were not investment advisers; or that (2) Defendants did not "make" the statements in the quarterly reports. Because Defendants have admitted to these facts, introducing contrary facts and arguments is unduly prejudicial because it will force the SEC to introduce evidence rebut fact Defendants previously admitted, will likely confuse the jury, cause undue delay, and waste the Court's time.

6. SEC counsel addressed its objections to Defendants introducing evidence and argument regarding facts they have previously admitted with opposing counsel during the in person meet and confer. Defendants' counsel has declined to stipulate that Defendants will not seek to introduce such evidence or make such argument to the jury.

### C. Motion in Limine No. 3

7. With respect to the SEC's Motion in Limine Number 3 to Exclude Evidence and Argument Regarding the Defense of Reliance on Accounting Professionals, Defendants' proposed jury instructions refer to a purported affirmative defense of reliance on accountants. The SEC seeks an order excluding such evidence

and argument because Defendants never pled reliance on professionals as a defense, and more importantly, they cannot establish the elements of such a defense.  See Dkt. No. 47 (Defendants Answer to the First Amended Complaint).  In order to avail themselves of this defense, Defendants "must show that they (1) made a complete disclosure to [the professional]; (2) requested [the professional]'s advice as to the legality of the contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice."  *SEC v. Goldfield Deep Mines*, 758 F.2d 459, 467 (9th Cir.1985); SEC v. Retail Pro. Inc., 2010 WL 1444993 (S.D. Cal. Apr. 9, 2010); *see also Provenz v. Miller*, 102 F.3d 1478, 1491 (9th Cir. 1996).

8. Although Defendants argue they hired accounting professionals, they have never identified the subject matter of any advice they purportedly sought, what disclosures Tweed made in seeking the advice, what advice he purportedly received, and whether he followed it.  Dkt. No. 51-92 (Tweed Decl. ¶ 25)).  The actual evidence is that Boyd Cook, the accountant from the outside firm that Tweed retained to prepare investor account statements, was not a CPA.  Dkt. No. 50-2 (SS at P90-P93); Dkt. No. 51 (JA Tab 32, 52).  Cook testified that he kept the value of the QAMF investment unchanged for several quarters in 2012 and 2013 because he was told to do so by Tweed.  Dkt. No. 50-2 (SS at P95); Dkt. No. 51 (JA Tabs 32, 52).  Similarly, when the QAMF and Retail Teamwork investments were written down in 2014, Cook did so without seeing any supporting documents, because Tweed told him to.  Dkt. No. 50-2 (SS at P96); Dkt. No. 51 (JA Tabs 32, 52).  Indeed, Defendants own purported expert, Bernerd Young, admitted that the accountants had testified that they prepared the account statements based on representations made to them by Tweed.  Ex. 2 at pp. 152:10-153:4.

9. Because Defendants cannot establish the elements of the defense of advice of professionals, argument and evidence of such a defense would be unduly prejudicial because it would confuse the issues, mislead the jury, cause undue delay,

and waste the Court's time. Accordingly, Defendants should not be able to present any such evidence or argument at trial. Fed. R. Evid. 403.

10. SEC counsel addressed its concerns regarding the reliance on professionals defense with opposing counsel during the in person meet and confer. Defendants' counsel has declined to stipulate that Defendants will not seek to introduce such evidence or make such argument to the jury.

### D. Motion in Limine No. 4

11. With respect to the SEC's Motion in Limine Number 4 to Exclude Defendants' Designated Expert Witness, the SEC seeks an order excluding Mr. Young's proffered testimony in its entirety, on several grounds. First, his expert report fails to comply with Federal Rule of Civil Procedure 26(a)(2)(b) because he failed to identify all the facts and data upon which form the basis of his opinions. at page 1 of his Report, Young wrote that he had "reviewed various e-mail and other correspondence between Mr. Tweed and the various entities and other information." Ex. 1, p. 1. At page 3 of his report, Young wrote that:

> My review disclosed numerous e-mails (in excess of 25) between Mr. Tweed arid QAMF, LIS and others wherein he was attempting to determine the status of the investments and acting in the best interest of the QAMF investors.

*Id.* at p. 3. None of the emails and other correspondence Mr. Young purportedly reviewed are identified in the report. *Id.*, Ex. 2 at pp. 49:24-51:18. In addition, Mr. Young's report references "various" public filings, filings in the Teamwork Retail bankruptcy, offering documents, financial statements and investor account statements for the Athenian Fund, offering documents for QAMF, and documents regarding QAMF's adviser Eric Richardson that he reviewed, but most of those documents were not identified in his report. *Id.* Ex. 1 at p. 1 and Ex. 2 at 52:18-54:17. In fact, Mr. Young's Report identifies only eight documents that he actually "reviewed to support [his] opinions." *Id.* Ex. 1 at p. 6. When asked at his deposition if those were

all of the documents that he had reviewed before rendering his opinions, Mr. Young responded "No." *Id.*, Ex. 2 at pp. 51:23-52:1. The SEC is prejudiced by Defendants' failure to disclose the materials Mr. Young reviewed in generating his report, because it impacted counsel's ability to prepare for and conduct his deposition, and will subject the SEC to unfair surprise at trial and is likely to cause confusion and delay.

12. Second, the bulk of Mr. Young's opinions go to whether the investments of the Athenian Fund were "reasonably valued" by Mr. Tweed. Not only is asset valuation not the subject of this litigation, Mr. Young is not qualified to offer expert opinion about asset valuation. Mr. Young's report indicates that he was retained "to prepare a report as to my beliefs and opinions concerning the representation of *asset values* on customer statements issued by the Athenian Fund." Dean Decl., Ex. 1 at p. 1 (emphasis added). He testified at his deposition that his opinions went to "valuation," and when asked if he had been asked to provide expert testimony with respect to whether or not Mr. Tweed met the standard of care required of an investment advisor, his response was that he was asked to opine only about paragraphs 62-71 of the First Amended Complaint, and specifically "*the valuation, and the misrepresentation of the values*, and so forth." *Id.*, Ex. 2 at pp. 73:17-25; 170:5-7 and 173:11-174:12 (emphasis added); Ex. 4. Other statements in Mr. Young's report that indicate that his opinions go to the issue of valuation are:

- The First Amended Complaint leaves no doubt as to the SECs position with regards to the *valuation* of investments (Ex. 1 at p. 2);
- It is also my opinion that Mr. Tweed acted reasonably even though he did not *"write-down" the value of the Fund's investments* in Teamwork during the period of the 4th quarter of 2012 through the 3rd quarter of 2013 (*Id.*); and
- It is my opinion that the Teamwork Retail investment was paying returns, and thus not required to be written down (*Id.* at p. 3).

13. As set forth in the SEC's motion in limine no. 4, asset valuation is not

5

the subject of this litigation, therefore these opinions by Mr. Young are irrelevant. Moreover, Mr. Young is not qualified as an expert on asset valuation. Mr. Young's biography, included with his expert report, states that his "areas of expertise include securities regulation, FINRA Internal Operations, FINRA Disciplinary Process, Strategic Planning, Risk Identification/Management, and Investigation and Analysis." Ex. 3. Thus, Mr. Young admits that he is not an accountant or CPA and he is not qualified to opine about asset valuation. His opinions regarding valuation are therefore not reliable, will not assist the jury, will cause unnecessary delay and confusion of the issues, and should be excluded. Fed. R. Evid. 702(a).

      14. Finally, the balance of Mr. Young's opinions are an impermissible attempt to tell the jury what result to reach on disputed issues such as (1) Tweed did not "fraudulently misrepresent the value of investor accounts" (Ex. 1 at p. 4); (2) he did not issue quarterly account statements "that were false or misleading" (*Id.*); (3) Tweed was not the maker of the statements in the investor account statements (*Id.*);[1]

---

[1] Mr. Young's testimony on this point is directly contradicted by the percipient witness testimony, as he admitted in his deposition:

> Q. Is it your testimony -- I'm just trying to make sure I understand -- that the fact that Mr. Tweed's name and the name of Tweed Financial Services do not appear on the account statements, that that is the basis for your opinion that Mr. Tweed did not prepare the account statements?
> A. Not completely, no.
> Q. What is the rest of the basis for your opinion?
> A. I read -- I read Mr. Boyd's testimony yesterday that both he and Mr. Gabriel admitted they prepared the statements.
> Q. And by "prepare," you mean they actually did the work of generating the statements?
> A. The testimony says they prepared the statements.
> Q. And the testimony also says that they did so based on representations made to them by Mr. Tweed, correct?
> A. That's -- yes. That's what it says.

Ex. 2 (Young Depo. 152:10-153:4). It is not for Mr. Young to tell the jury who is to be believed, or to admonish the fact-finder on the weight it must accord the sworn testimony of percipient witnesses. *United States v. Scop*, 846 F.2d 135, 142 (2d Cir. 1988) ("The credibility of witnesses is exclusively for the determination [of] the jury").; *Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88 (1891) ("determining the weight and credibility of [a witness's] testimony … belongs to the jury")

(4) Tweed acted reasonably (*Id.* at p. 6); and (5) Tweed reasonably relied on the outside accountants he hired (*Id.* at p. 4-5). Expert testimony that merely tells the jury what result to reach is inadmissible. *See, e.g., United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994); *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("courts need not admit bare conclusions or mere assumptions proffered under the guise of 'expert opinions' and nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 319 (7th Cir. 1996) ("an expert who supplies nothing but a bottom line supplies nothing of value to the judicial process"); *see also United States v. Nacchio*, 555 F.3d 1234, 1258 (10th Cir. 2009) (en banc) ("[t]he trial court's gate keeping function requires more than simply 'taking the expert's word for it.'"). The admission of purported expert testimony regarding disputed issues will impinge on the function of the jury to weigh the evidence, and is likely to cause juror confusion and unnecessarily lengthen the trial. Fed. R. Evid. 403.

15. SEC counsel addressed its concerns regarding Mr. Young's report's compliance with Federal Rule of Civil Procedure 26(a)(2)(b) and the relevance and reliability of Mr. Young's proposed testimony with opposing counsel during the in person meet and confer. Defendants' counsel has declined to withdraw Mr. Young as an expert witness.

### E. Exhibits to this Declaration

16. A true and correct copy of Bernerd Young's Expert Report is attached hereto as Exhibit 1.

17. A true and correct copy of the transcript of Bernerd Young's June 6, 2019 Deposition is attached hereto as Exhibit 2.

18. A true and correct copy of Bernerd Young's biography as attached to his expert report is attached hereto as Exhibit 3.

19. A true and correct copy of Docket No. 31, the First Amended Complaint,

is attached hereto as Exhibit 4.

20. A true and correct copy of Robert Russel Tweed's responses to the SEC's First Set of Requests for Admission is attached hereto as Exhibit 5.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of October 2019 in Los Angeles, California.

                                        */s/ Lynn M. Dean*
                                        Lynn M. Dean

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 444 S. Flower Street, Suite 900, Los Angeles, California 90071

Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On October 18, 2019, I caused to be served the document entitled **DECLARATION OF LYNN M. DEAN IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTIONS IN LIMINE 1-4** on all the parties to this action addressed as stated on the attached service list:

[ ]  **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]  **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]  **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]  **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]  **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]  **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]  **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 18, 2019           /s/ *Lynn M. Dean*
                                 Lynn M. Dean

**SEC v. Tweed Financial Services, Inc. & Robert Russel Tweed**
**United States District Court – Central District of California**
**Case No. 2:17-CV-07251-FMO-E**

SERVICE LIST

EDWARD GARTENBERG
egartenberg@gghslaw.com
MILENA DOLUKHANYAN
mdolukhanyan@gghslaw.com
Gartenberg Gelfand Hayton LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
*Attorneys for Defendants Tweed Financial Services, Inc. and Robert Russel Tweed*