Edward Gartenberg (State Bar No. 102693)
Milena Dolukhanyan (State Bar No. 303157)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
egartenberg@gghslaw.com
mdolukhanyan@gghslaw.com
Attorneys for Defendants
TWEED FINANCIAL SERVICES,
INC. and ROBERT RUSSEL
TWEED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>Defendants. | Case No.: 2:17-cv-07251-FMO-E<br><br>**DEFENDANTS TWEED FINANCIAL SERVICES, INC. AND ROBERT RUSSEL TWEED'S MOTION IN LIMINE NO. 1 TO PRECLUDE ANY ARGUMENT OR EVIDENCE THAT DEFENDANTS BREACHED A FIDUCIARY DUTY; PLAINTIFF SEC'S OPPOSITION; DECLARATION OF EDWARD GARTENBERG IN SUPPORT OF MOTION**<br><br>Trial Date: November 26, 2019<br>Pretrial Conference Date/Motion in Limine Hearing Date: November 8, 2019<br>Time:   10:00 a.m.<br>Ctrm:   6D<br>Judge:  Hon. Fernando M. Olguin |

1
DEFENDANTS TWEED FINANCIAL SERVICES, INC. AND ROBERT RUSSEL TWEED'S MOTION IN LIMINE NO. 1

# DEFENDANTS' MOTION IN LIMINE NO. 1 TO PRECLUDE ANY ARGUMENT OR EVIDENCE THAT DEFENDANTS BREACHED A FIDUCIARY DUTY

The parties hereby submit a Joint Memorandum of Points and Authorities regarding Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") Motion in Limine No. 1 to preclude any argument or evidence that Defendants breached a fiduciary duty. Defendants' Motion is brought because the operative pleadings do not allege any claim for breach of fiduciary duty. Any argument or evidence regarding this claim is not relevant and should be excluded. Even if the subject was relevant, any probative value would be substantially outweighed by the danger of undue prejudice and may be excluded pursuant to Rule 403, Fed. R. Evid.

The SEC opposes Defendants' Motion in Limine No. 1 for all the reasons set forth in the memorandum of points and authorities.

Dated: October 18, 2019

Respectfully submitted,

GARTENBERG GELFAND HAYTON LLP

By: *Edward Gartenberg*
Edward Gartenberg
Milena Dolukhanyan
Attorneys for Defendants
Tweed Financial Services, Inc. and
Robert Russel Tweed

Dated: October 18, 2019

Respectfully submitted,

Securities and Exchange Commission

By: *Lynn M. Dean*
Lynn M. Dean
Kathryn C. Wanner
Attorneys for Plaintiff SEC

# DEFENDANTS' CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") Motion in Limine No. 1 is straightforward and simple. Any argument or evidence regarding Defendants' alleged breach of fiduciary duty should be excluded.

## II. RELEVANT FACTS AND BACKGROUND

Breach of fiduciary duty was *not* pled in the SEC's First Amended Complaint ("FAC"), nor does it appear once in the 101 paragraphs of the FAC.

## III. ANY ARGUMENT OR EVIDENCE RELATING TO BREACH OF FIDUCIARY DUTY SHOULD BE EXCLUDED

Throughout this entire matter there has been no allegation regarding breach of fiduciary duty. As explained above, there is no mention of breach of fiduciary duty anywhere in the operative pleadings. Accordingly, any argument or evidence regarding breach of fiduciary duty should be excluded because it is not relevant.

In addition, the probative value of evidence or arguments relating to breach of fiduciary duty would be substantially outweighed by the danger of undue prejudice and should be excluded pursuant to Rule 403, Fed. R. Evid.

## IV. CONCLUSION

For the reasons explained above, Defendants respectfully request that their Motion in Limine No. 1 be granted.

## SEC'S CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Defendants Motion *in limine* No. 1 to exclude argument or evidence regarding Defendants' breach of fiduciary duty is not well taken, and it should be denied.

The SEC has alleged causes of action against Defendants for violation of the federal securities laws, specifically, the Section 206(4) of Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8 thereunder.  A showing of negligence is sufficient to establish a violation of Section 206(4).  Because negligence requires a breach of a legal duty, the standard of care expected of investment advisers is relevant to the question of whether Defendants were in fact negligent.  Section 206 of the Advisers Act establishes a statutory fiduciary duty for investment advisers. "Fiduciary duty" in this context is merely the standard of care required of investment advisers under the Advisers Act.  Accordingly, there is no need for the SEC to have separately stated a claim of action for breach of fiduciary duty and Defendants' motion should be denied.

### II.  ARGUMENT

The SEC has alleged causes of action against Defendants for violation of the federal securities laws, specifically, the Section 206(4) of Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8 thereunder.  Those sections prohibit investment advisers to pooled investment vehicles from:

> (1) Making any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2) Otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

17 C.F.R. § 275.206(4)-8. A showing of negligence is sufficient to establish a violation of Section 206(4). *SEC v. Steadman*, 967 F.2d 636, 647 (D.C. Cir. 1992) (Section 206(4) uses the "'act, practice, or course or business' language. This is similar to section 17(a)(3)'s 'transaction, practice, or course of business,' which 'quite plainly focuses upon the *effect* of particular conduct . . . rather than upon the culpability of the person responsible.' Accordingly, scienter is not required under section 206(4).") *quoting Aaron v. SEC*, 446 U.S. 636, 647 (1980).

To establish that Defendants acted negligently, the SEC must establish a breach of a legal duty. *See Sakiyama v. AMF Bowling Centers, Inc.*, 110 Cal. App. 4th 398, 405 (2003) (in California, actionable negligence requires proof of, *inter alia*, legal duty to use due care and breach of such legal duty); *Frazier v. U.S.*, 481 F. Supp. 645, 646-647 (N.D. Cal. 1979) (same). The legal duty may be the general duty not to act in an unreasonable or careless manner or a special duty created by one's office or employment. *Sanbutch Properties, Inc. v. United States*, 343 F. Supp. 611, 614 (C.D. Cal. 1972) (certain types of persons, or persons engaging in certain types of conduct, are required to exercise a higher degree of care). Here, the Supreme Court has held that Section 206 of the Advisers Act establishes a fiduciary duty for investment advisers to act for the benefit of their clients, including the obligation to disclose to their clients all material facts, and to employ reasonable care to avoid misleading their clients. *Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 194 (1963); *Transamerica Mortgage Adviser, Inc. v. Lewis*, 444 U.S. 11, 17 (1979) ("Indeed, the Act's legislative history leaves no doubt that Congress intended to impose enforceable fiduciary obligations").

As fiduciaries, investment advisers are required "to act for the benefit of their clients, … to exercise the utmost good faith in dealing with clients, to disclose

all material facts, and to employ reasonable care to avoid misleading clients." *SEC v. DiBella*, No. 3:04-cv-1342 (EBB), 2007 WL 2904211, at *12 (D. Conn. Oct. 3, 2007) (quoting *SEC v. Moran*, 922 F. Supp. 867, 895-96 (S.D.N.Y. 1996)), aff'd, 587 F.3d 553 (2d Cir. 2009); *see also Capital Gains Research Bureau*, 375 U.S. at 194 ("Courts have imposed on a fiduciary an affirmative duty of 'utmost good faith, and full and fair disclosure of all material facts,' as well as an affirmative obligation 'to employ reasonable care to avoid misleading' his clients."). Thus, Defendants' have an obligation not to violate their fiduciary duty to clients and prospective clients that is imposed upon them based upon their status as investment advisers. This duty is not a separate claim – it is the standard of care that investment advisers in Defendants' position must adhere to.

The evidence at trial will show that Defendants violated Section 206(4) of the Advisers Act and Rule 206(4)-8 by making material misrepresentations and omissions regarding the Athenian Fund's investments, by misrepresenting the Fund's returns, by redeeming out certain investors in preference to others, and by failing to distribute audited financial statements for the Fund. Their actions were in violation of their legal duty to the Athenian Fund's investors, a duty imposed on them by their status as fiduciaries. Evidence and argument regarding Defendants' fiduciary duty to their clients is therefore both relevant and admissible because it will clarify the relevant standard of care for the jury. Fed. R. Evid. 402, 403.

///
///
///
///
///
///
///
///

## III.  CONCLUSION

Because the law imposes a fiduciary duty on investment advisers like Defendants, and the existence and scope of that duty impacts the standard of care required of Defendants, evidence and argument regarding that fiduciary duty is admissible. Therefore, Defendants' motion *in limine* no. 1 should be denied.

Dated: October 18, 2019          Respectfully submitted,

                                               GARTENBERG GELFAND HAYTON LLP

                                               By: *Edward Gartenberg*
                                                   Edward Gartenberg
                                                   Milena Dolukhanyan
                                                   Attorneys for Defendants
                                                   Tweed Financial Services, Inc. and
                                                   Robert Russel Tweed

Dated: October 18, 2019          Respectfully submitted,

                                               Securities and Exchange Commission

                                             By: *Lynn M. Dean*
                                                 Lynn M. Dean
                                                 Kathryn C. Wanner
                                                 Attorneys for Plaintiff SEC

**DEFENDANTS TWEED FINANCIAL SERVICES, INC. AND ROBERT RUSSEL TWEED'S MOTION IN LIMINE NO. 1**