Edward Gartenberg (State Bar No. 102693)
Milena Dolukhanyan (State Bar No. 303157)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
egartenberg@gghslaw.com
mdolukhanyan@gghslaw.com

Attorneys for Defendants
TWEED FINANCIAL SERVICES,
INC. and ROBERT RUSSEL
TWEED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>Defendants. | Case No.: 2:17-cv-07251-FMO-E<br><br>**DEFENDANTS TWEED FINANCIAL SERVICES, INC. AND ROBERT RUSSEL TWEED'S MOTION IN LIMINE NO. 2 TO PRECLUDE ANY ARGUMENT OR EVIDENCE CONCERNING THE FINRA INVESTIGATION OR FINRA HEARING RELATING TO DEFENDANTS; DECLARATION OF EDWARD GARTENBERG**<br><br>Trial Date:  November 26, 2019<br>Pretrial Conference Date/Motion in Limine Hearing Date: November 8, 2019<br>Time:     10:00 a.m.<br>Ctrm:     6D<br>Judge:    Hon. Fernando M. Olguin |

**DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE ANY ARGUMENT OR EVIDENCE RELATING TO ANY FINRA PROCEEDING OR INVESTIGATION INVOLVING DEFENDANTS**

The parties hereby submit a Joint Memorandum of Points And Authorities regarding Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") Motion in Limine No. 2 to preclude any argument or evidence relating to any FINRA investigation or hearing involving Defendants.

Any such arguments or evidence are not relevant. Even if these arguments and/or evidence were relevant, and they are not, they should be excluded pursuant to Fed. R. Evidence, Rules 403, 404(b), because they constitute improper character evidence and are more prejudicial than probative.

The SEC opposes Defendants' Motion in Limine No. 2 for all the reasons set forth in the memorandum of points and authorities.

Dated: October 18, 2019                    Respectfully submitted,

                                           GARTENBERG GELFAND HAYTON LLP

                                           By: *Edward Gartenberg*
                                           Edward Gartenberg
                                           Milena Dolukhanyan
                                           Attorneys for Defendants
                                           Tweed Financial Services, Inc. and
                                           Robert Russel Tweed

Dated: October 18, 2019                    Respectfully submitted,

                                           Securities and Exchange Commission

                                           By: *Lynn M. Dean*
                                           Lynn M. Dean
                                           Kathryn C. Wanner
                                           Attorneys for Plaintiff SEC

# DEFENDANTS' CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") Motion in Limine No. 2 seeks to exclude irrelevant and unduly prejudicial information concerning the FINRA investigation or hearing relating to Defendants (FINRA Disciplinary Proceeding No. 2015046631101.)

## II. RELEVANT FACTS AND BACKGROUND

### A. The FINRA Matter Relating to the Defendants is Not Final.

There is a FINRA Extended Hearing Panel Decision, dated July 5, 2018, which relates to the Defendants. This matter is currently on appeal before the FINRA National Adjudicatory Council and *is not final*.

### B. The FINRA Matter Relates to Wrongdoing During a Time Period the Court in this Instant Matter Found the Defendants Were Not Engaged in any Fraudulent Activities.

The issues in the subject FINRA Disciplinary Proceeding, as to those involved in the instant matter, are different from the issues in this case, and therefore are not relevant. Specifically, the FINRA Complaint alleged wrongful conduct in connection with raising money between November 2009 and March 2010. In this case, in denying the Defendants' Motion Dismiss, the Court ruled that the alleged fraudulent activities at issue did not occur pre-October 2012. (See Dkt. 46, Order at 5:24-25.) The Disciplinary Ruling was accordingly not relevant to the matters the Court has held are at issue here.

## III. ANY ARGUMENT OR EVIDENCE RELATING TO THE FINRA INVESTIGATION OR PROCEEDINGS SHOULD BE EXCLUDED

As explained above, the FINRA Ruling was not relevant to the matters the Court has held are at issue here.

Even if the subject was relevant, "Evidence of a . . . wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b), Fed. R. Evid. Any evidence of the FINRA investigation or hearing should also be excluded pursuant to Rule 403, Fed. R. Evid. as more prejudicial than probative.

## IV. CONCLUSION

For the reasons explained above, Defendants respectfully request that their Motion in Limine No. 2 be granted.

## SEC'S CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC") respectfully opposes motion *in limine* number two filed by defendants Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants"), seeking to exclude evidence or argument relating to the FINRA Investigation of Defendants and the FINRA Disciplinary Proceeding No. 2015046631101 ("FINRA Matters"). Defendants' motion should be denied for four independently sufficient reasons.

First, it should be denied because it is overbroad and vague. It is unclear what evidence specifically Defendants wish to exclude, as the motion would reach obviously relevant evidence pertaining to the factual background of the history of Defendants' investment decisions. The motion as written is so vague and overbroad that it could impermissibly exclude significant facts and it should be denied for that reason alone.

Second, Defendants' fail to explain why FINRA Matters are more prejudicial than probative under Federal Rule of Evidence Rule 403, and the motion should be denied on this ground because Defendants fail to meet their burden.

Third, as SEC counsel explained during the meet and confer, the SEC does not intend to offer evidence or argument relating to FINRA Matters in order to prove wrongdoing by the Defendants prior to October 2012. However, because the issue of whether remedies will be heard before the judge or jury is still an open question,[1] the existence of the FINRA disciplinary action, and evidence and argument relating to the FINRA's decision to bar Tweed from the securities industry, are both relevant to the determination of remedies and cannot be excluded. Defendants offer no authority to support their bald assertion otherwise.

Fourth, the SEC cannot be prevented from referring to the fact of the FINRA Matters if it becomes necessary to refer to the FINRA hearing transcript to impeach Mr. Tweed or refresh his recollection.

For all the foregoing reasons, Defendants' motion *in limine* number two should be denied.

## II.  RELEVANT FACTS AND BACKGROUND

During the meet and confer process, the parties discussed whether this motion *in limine* could be obviated by the parties coming to an agreement on whether the judge or jury heard remedies in this matter. Declaration of Edward G. Gartenberg ("Gartenberg Decl.") at ¶ 4, Ex. A (transcript of the meet and confer session with opposing counsel which took place on October 3, 2019) at 60:3-25. Counsel for the SEC explained that the SEC would not argue that any acts occurring before October 2012 were violations that the jury should consider. *Id.* at 61:7-12. Defendants' counsel then agreed that "[i]f we can keep out that FINRA – what the FINRA decision was, what I propose – I am fine with the judge deciding penalties." *Id.* at 60:7-10. Counsel then re-emphasized that, "I have no problem with the judge being aware of it [the FINRA Decision] for his making a penalty determination." *Id.* at 60:18-19.

---

[1] The SEC contends that the remedies are to be determined by the Judge not the Jury, but this issue has not yet been ruled upon by the Court.

However, Defendants' [Proposed] Special Jury Instruction No. 6 (Penalties – Factors) suggests that the Defendants consider penalties to be an issue to be determined by the Jury: "[i]f you decide that the Plaintiff has proven the violations of law alleged in the First Amended Complaint, you must decide whether or not penalties should be awarded against each Defendant." Proposed Special Instruction No. 6 then goes on to list the factors to be considered in determining penalties which include an analysis of the degrees of Defendants' culpability.

Finally, Defense counsel agreed in principle to the idea that should a witness testify differently at this trial than that witness testified during the FINRA proceeding, the FINRA transcript is available as a prior sworn statement for impeachment purposes. Gartenberg Decl. ¶ 4, Ex. A at 59:8-18.

## III. ARGUMENT

### A. Defendants' Motion in *Limine* Is Overbroad and Vague

Defendants' Motion in *Limine* No. 2 is so vague and overbroad that it cannot establish a valid basis for the exclusion of all the evidence within its terms. "[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010); *see also Lopez v. Chula Vista Police Dep't,* 2010 WL 685014, at *7 (S.D. Cal. Feb. 18, 2010) (denying motion *in limine* as "vague and overbroad").

Defendants fail to identify what, if any, specific information pertaining to FINRA Matters should be excluded. While the SEC confirms that it will not attempt to introduce argument that acts before October 2012 constitute violations of the federal securities laws, Defendants' motion as written is so vague and overbroad that it impermissibly could exclude meaningful facts. Because Defendants' motion *in limine* fails to identify disputed evidence with specificity, it should be denied.

In addition, Defendants' fail to explain why FINRA Matters are more prejudicial than probative under Federal Rule of Evidence Rule 403. This alone is grounds to deny the motion, because Defendants fail to meet their burden as the moving party. *United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007) (en banc) ("One cannot evaluate in a Rule 403 context what one has not seen or read.") Because Defendants have failed to articulate why FINRA Matters are prejudicial, their motion should be denied. *Id.*

### B.  FINRA Matters Are Also Relevant to Assessing Penalties

Defendants' motion should also be denied because FINRA Matters are relevant to remedies. Defendants' own proposed Special Jury Instructions and Special Verdict Forms indicate that they intend for the jury to determine certain penalty factors, thus rendering FINRA Matters relevant and admissible. Defendants proposed Special Jury Instruction No. 6[2] outlines the factors that Defendants consider relevant to determining penalties, including, "[t]he Defendant's recognition of the wrongful nature of his or its conduct," "[t]he likelihood, because of defendant's professional occupation, that future violations might occur," and "[t]he sincerity of his or its assurances against future violations." Each of these factors addresses the degree of each Defendants' culpability and the likelihood that they might violate the law in the future, making the existence of the FINRA disciplinary action and evidence that FINRA barred Tweed from the securities industry relevant. Fed. R. Evid. 402.

### C.  Evidence of FINRA Matters is Not Character Evidence

Contrary to Defendants' assertion, the SEC does not intend to offer evidence or argument relating to FINRA Matters to show that Defendants actions here were in conformity with their past acts. Fed. R. Evid. 404(b). Instead, as discussed above, the existence of the FINRA disciplinary proceeding and the FINRA bar are relevant to the determination of penalties. Moreover, the SEC cannot be prevented

---

[2] The SEC objects to this Instruction and Defendants' Special Verdict Forms.

from referring to the fact of FINRA Matters if it becomes necessary to refer to the FINRA hearing transcript to impeach Mr. Tweed or refresh his recollection.

## IV. CONCLUSION

For all of the foregoing reasons, the Court should deny Defendants' Motion *in Limine* No. 2.

Dated: October 18, 2019  Respectfully submitted,

GARTENBERG GELFAND HAYTON LLP

By: *Edward Gartenberg*
Edward Gartenberg
Milena Dolukhanyan
Attorneys for Defendants
Tweed Financial Services, Inc. and
Robert Russel Tweed

Dated: October 18, 2019  Respectfully submitted,

Securities and Exchange Commission

By: *Lynn M. Dean*
Lynn M. Dean
Kathryn C. Wanner
Attorneys for Plaintiff SEC