Edward Gartenberg (State Bar No. 102693)
Milena Dolukhanyan (State Bar No. 303157)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
egartenberg@gghslaw.com
mdolukhanyan@gghslaw.com

Attorneys for Defendants
TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>Defendants. | Case No.: 2:17-cv-07251-FMO-E<br><br>**DEFENDANTS TWEED FINANCIAL SERVICES, INC. AND ROBERT RUSSEL TWEED'S MOTION IN LIMINE NO. 3 TO PRECLUDE ANY ARGUMENT OR EVIDENCE THAT DEFENDANTS VIOLATED THE LAW IN CONNECTION WITH THE INVESTMENTS AT ISSUE PRIOR TO OCTOBER 2012; DECLARATION OF EDWARD GARTENBERG**<br><br>Trial Date: November 26, 2019<br>Pretrial Conference Date/Motion in Limine Hearing Date: Nov. 8, 2019<br>Time:    10:00 a.m.<br>Ctrm:    6D<br>Judge:   Hon. Fernando M. Olguin |

1
DEFENDANTS TWEED FINANCIAL SERVICES, INC. AND ROBERT RUSSEL TWEED'S MOTION IN LIMINE NO. 3

# DEFENDANTS' MOTION IN LIMINE NO. 3 TO PRECLUDE ANY ARGUMENT OR EVIDENCE THAT DEFENDANTS VIOLATED THE LAW IN CONNECTION WITH THE INVESTMENTS AT ISSUE AT ANY TIME PRIOR TO THE TIME PERIOD AT ISSUE (PRIOR TO OCTOBER 2012)

The parties hereby submit a Joint Memorandum of Points and Authorities regarding Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") Motion in Limine No. 3 to preclude any argument or evidence that Defendants violated the law in connection with the investments at issue at any time prior to the time period at issue (prior to October 2012).

Any such arguments or evidence are not relevant because this Court, in denying the Defendants' Motion Dismiss, ruled that the alleged fraudulent activities at issue did not occur pre-October 2012. (See Dkt. 46, Order at 5:24-25.)

The SEC opposes Defendants' Motion in Limine No.3 for all the reasons set forth in the memorandum of points and authorities.

Dated: October 18, 2019          Respectfully submitted,

                                 GARTENBERG GELFAND HAYTON LLP

                                 By: *Edward Gartenberg*
                                 Edward Gartenberg
                                 Milena Dolukhanyan
                                 Attorneys for Defendants
                                 Tweed Financial Services, Inc. and
                                 Robert Russel Tweed

Dated: October 18, 2019          Respectfully submitted,

                                 Securities and Exchange Commission

                                 By: *Lynn M. Dean*
                                 Lynn M. Dean
                                 Kathryn C. Wanner
                                 Attorneys for Plaintiff SEC

# DEFENDANTS' CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") Motion in Limine No. 3 seeks to exclude irrelevant arguments or evidence that the Defendants violated the law in connection with the investments at issue at any time prior to the time period at issue; i.e. prior to October 2012.

## II. RELEVANT FACTS AND BACKGROUND

In this case, in denying the Defendants' Motion Dismiss, the Court ruled that the alleged fraudulent activities at issue did not occur pre-October 2012. (See Dkt. 46, Order at 5:24-25.)

## III. ANY ARGUMENT OR EVIDENCE THAT DEFENDANTS VIOLATED THE LAW IN CONNECTION WITH THE INVESTMENTS AT ISSUE AT ANY TIME PRIOR TO OCTOBER 2012 SHOULD BE EXCLUDED

Because this Court has ruled that the alleged fraudulent activities at issue in this case did not occur pre-October 2012, any alleged argument or evidence relating to a purported violation of the law in connection with the investments at issue at any time prior to October 2012, is not relevant.

## IV. CONCLUSION

For the reasons explained above, Defendants respectfully request that their Motion in Limine No. 3 be granted.

# SEC'S CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits opposes Defendants Tweed Financial Services, Inc. and Robert Russel Tweed

("Defendants") motion *in limine* number three seeking to "exclude evidence or argument that the Defendants violated the law in connection with the investments at issue at any time prior to the time period at issue; i.e. prior to October 2012." As an initial matter, and as explained during the meet and confer process, the SEC has no intention of introducing argument that Defendants' actions prior to October 2012 were violations of the federal securities laws. Declaration of Edward G. Gartenberg ("Gartenberg Decl.") at ¶ 4, Ex. A (transcript of the meet and confer session with opposing counsel which took place on October 3, 2019) at 61:7-10 ("Ms. Dean: . . . we are not going to argue that anything that happened before October 2012 is . . . a violation that the jury should consider"). However, *factual evidence* of events occurring before October 2012 are relevant under Federal Rules of Evidence 401 and 402 and should be admitted.

During the parties' meet and confer on this motion *in limine*, it appeared that Defendants agreed that at least some pre-October 2012 factual events were relevant and admissible.[1] Gartenberg Decl. ¶ 4, Ex. A, Transcript of Meet and Confer at 61:13-17. ("Ms. Dean: . . . That being said, and this again goes back to what facts we can and cannot stipulate to, there are things that happened – for example, he formed the fund. That obviously happened before October 2012. Mr. Gartenberg: No problem."). However, Defendants' current motion still attempts to improperly exclude such relevant facts, and is thus impermissibly overbroad and should be denied.

## II. DEFENDANTS' MOTION IS OVERBROAD AND VAGUE

Defendants' motion number 2 should be denied because it is overly broad.

---

[1] The SEC attempted to prevent the need for this Motion by proposing a series of stipulated facts to Defendants. *See* Declaration of Lynn M. Dean in Support of SEC's Opposition to Defendants' Motions *in Limine* ("Dean Decl.") at ¶ 3. The proposed set of facts were undisputed at the Motion for Summary Judgment stage or admitted in Defendants' Answer or during discovery. *Id.* at ¶ 4. Of the 113 proposed stipulated facts, Defendants only agreed to stipulate to seven facts, three of which were admitted in response to the SEC's Requests for Admission or in Defendants' Answer. *Id.* at ¶ 5.

Defendants offer no real argument or support for their contention that *all* events prior to October 2012 are irrelevant. Nor can they. Defendants' broad motion impermissibly seeks to exclude entire categories of relevant information. "[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010); *see also Lopez v. Chula Vista Police Dep't*, 2010 WL 685014, at *7 (S.D. Cal. Feb. 18, 2010) (denying motion *in limine* as "vague and overbroad").

Rule 401 of the Federal Rules of Evidence states that "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Rule 402 states that relevant evidence is admissible and that irrelevant evidence is inadmissible. Fed. R. Evid. 402. Rule 403 states that relevant evidence may only be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or based on considerations of undue delay or waste of time. Fed. R. Evid. 403.

Certain events occurring prior to October 2012 are unambiguously relevant to the claims at issue and their probative value outweighs any possible prejudice. They are thus admissible. Fed. R. Evid. 402-403. For example, if the jury is not informed that Tweed was on notice prior to October 2012 that the money he invested with his acquaintance Eric Richardson at QAMF had been conveyed by QAMF to a third party who claimed to have used it in a gold mining operation in Ghana, they cannot assess whether Tweed's post October 2012 statements to investors about that investment were misleading. Dkt. No. 1 at ¶¶ 6-7, 26-44, 62-71. Likewise, if the jury is not informed that the $200,000 Teamwork Retail loan was a loan Tweed made to an entity run by his personal friend, that Tweed had

previously earned over $100,000 in commissions for selling interests in Teamwork Retail, and that Teamwork Retail had failed to make any payments on the loan as they came due, the jury cannot assess whether Tweed's post October 2012 statements to investors about Teamwork Retail were misleading. *Id.* at ¶¶ 6-7, 45-61, 62-71. Finally, if the jury is not informed that the Athenian Fund PPM, which was distributed to investors before October 2012, required Defendants to provide investors with audited financials, they will not be able to assess the import of evidence that Tweed failed to have the Fund audited until 2014. *Id.* at ¶¶ 72-73.

Such relevant evidence is essential to enable the trier of fact determine whether, during the relevant time period, the Defendants failed to meet the standard of care required of an investment adviser and violated Section 206(4) and Rule 206(4)-8. Without knowing these predicate facts, the jury will not be able to assess or understand how Defendants' later acts defrauded investors. These facts are relevant and admissible and the SEC will present evidence of them facts at trial. Fed. R. Evid. 401-403. Because Defendants impermissibly seek to exclude all evidence of events before October 2012, their motion must be denied.

Finally, Defendants' motion should be denied because it is impermissibly vague. Defendants' motion fails to identify the specific information they believe should be excluded. *Lopez*, 2010 WL 685014, at *7 (S.D. Cal. Feb. 18, 2010) (denying motion *in limine* as "vague and overbroad"). Defendants' vague motion should be denied on this ground as well.

///
///
///
///
///
///
///

## III. CONCLUSION

For all the foregoing reasons, the Court should deny Defendants' Motion *in Limine* No. 3.

Dated: October 18, 2019					Respectfully submitted,

					GARTENBERG GELFAND HAYTON LLP

					By: *Edward Gartenberg*
					Edward Gartenberg
					Milena Dolukhanyan
					Attorneys for Defendants
					Tweed Financial Services, Inc. and
					Robert Russel Tweed

Dated: October 18, 2019					Respectfully submitted,

					Securities and Exchange Commission

					By: *Lynn M. Dean*
					Lynn M. Dean
					Kathryn C. Wanner
					Attorneys for Plaintiff SEC