Edward Gartenberg (State Bar No. 102693)
Milena Dolukhanyan (State Bar No. 303157)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
egartenberg@gghslaw.com
mdolukhanyan@gghslaw.com

Attorneys for Defendants
TWEED FINANCIAL SERVICES,
INC. and ROBERT RUSSEL
TWEED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>Defendants. | Case No.: 2:17-cv-07251-FMO-E<br><br>**DEFENDANTS TWEED FINANCIAL SERVICES, INC. AND ROBERT RUSSEL TWEED'S MOTION IN LIMINE NO. 4 TO PRECLUDE ANY ARGUMENT OR EVIDENCE THAT DEFENDANTS FAILED TO PERFORM DUE DILIGENCE; DECLARATION OF EDWARD GARTENBERG**<br><br>Trial Date: November 26, 2019<br>Pretrial Conference Date/Motion in Limine Hearing Date: Nov. 8, 2019<br>Time: 10:00 a.m.<br>Ctrm: 6D<br>Judge: Hon. Fernando M. Olguin |

# DEFENDANTS' MOTION IN LIMINE NO. 4 TO PRECLUDE ANY ARGUMENT OR EVIDENCE THAT DEFENDANTS FAILED TO PERFORM DUE DILIGENCE

The parties hereby submit a Joint Memorandum of Points and Authorities regarding Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") Motion in Limine No. 4 to preclude any argument or evidence that Defendants failed to perform due diligence. Defendants anticipate that Plaintiff's Expert Christianna Wood, will offer opinions and testimony regarding due diligence. (See **Exhibit B**, Plaintiff Securities and Exchange Commission's Rule 26(a)(2) Designation of Expert Witness, Report of Christianna Wood, 51-62.)

Any such arguments or evidence are not relevant because breach of fiduciary duty was not pled in the First Amended Complaint ("FAC"), nor does it appear once in the 101 paragraphs of the FAC. Even if the subject matter was relevant, any probative value would be substantially outweighed by the danger of undue prejudice and should be excluded pursuant to Rule 403, Fed. R. Evid.

The SEC opposes Defendants' Motion in Limine No.4 for all the reasons set forth in the accompanying memorandum of points and authorities.

Dated: October 18, 2019          Respectfully submitted,

                                 GARTENBERG GELFAND HAYTON LLP

                                 By: _____
                                 Edward Gartenberg
                                 Milena Dolukhanyan
                                 Attorneys for Defendants
                                 Tweed Financial Services, Inc. and
                                 Robert Russel Tweed

Dated: October 18, 2019          Respectfully submitted,

                                 Securities and Exchange Commission

                                 By: _____
                                 Lynn M. Dean
                                 Kathryn C. Wanner
                                 Attorneys for Plaintiff SEC

# DEFENDANTS' CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") Motion in Limine No. 4 seeks to exclude any argument or evidence that Defendants failed to perform due diligence because this information is not relevant.

## II. RELEVANT FACTS AND BACKGROUND

In this case, Plaintiff's expert Christianna Wood, has presented a report arguing that the Defendants failed to perform due diligence. (See **Exhibit B**, Plaintiff Securities and Exchange Commission's Rule 26(a)(2) Designation of Expert Witness, Report of Christianna Wood, 51-62.)

Breach of fiduciary duty, however, was not pled in the First Amended Complaint ("FAC"). There is no mention of a breach of fiduciary duty anywhere in the 101 paragraphs of the FAC.

## III. ANY ARGUMENT OR EVIDENCE RELATING TO ALLEGED FAILURE TO PERFORM DUE DILIGENCE SHOULD BE EXCLUDED

Throughout this entire matter there has been no allegation regarding breach of fiduciary duty. As explained above, there is no mention of breach of fiduciary duty anywhere in the operative pleadings. Accordingly, any argument or evidence regarding due diligence (an obligation imposed by breach of fiduciary duty) should be excluded because it is not relevant.

In addition, the probative value of evidence or arguments relating to due diligence would be substantially outweighed by the danger of undue prejudice and should be excluded pursuant to Rule 403, Fed. R. Evid.

## IV. CONCLUSION

For the reasons explained above, Defendants respectfully request that their

Motion in Limine No. 4 be granted.

## SEC'S CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC") respectfully opposes defendants Tweed Financial Services, Inc. and Robert Russel Tweed ("Defendants"), motion *in limine* number four, which seeks to exclude any argument or evidence that Defendants failed to perform due diligence. The SEC has already agreed with Defendants that it will not argue that their failure to perform appropriate due diligence with respect to the Athenian Fund's investments in the Quantitative Analytics Master Fund and Teamwork Retail were a violation of the federal securities laws. Declaration of Edward G. Gartenberg ("Gartenberg Decl.") at ¶ 4, Ex. A (transcript of the meet and confer session with opposing counsel which took place on October 3, 2019) at 66:17-20. However, the Defendants' securities law violations occurring after 2012 are only understandable in the context of events occurring prior to October 2012. Therefore, the SEC opposes Defendants' over-broad and vague Motion to exclude any evidence that Defendants failed to conduct due diligence, as this would impermissibly restrict the introduction of relevant evidence pertaining to the factual story that must be presented to the jury.

### II. ARGUMENT

Defendants' cannot meet their burden to exclude evidence or argument that the Defendants failed to conduct appropriate due diligence because such evidence is both relevant and non-prejudicial. Federal Rules Evidence 401-403 address what evidence is relevant and admissible. Rule 401 states that "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than

it would be without the evidence. Fed. R. Evid. 401. Rule 402 states that relevant evidence is admissible and that irrelevant evidence is inadmissible. Fed. R. Evid. 402. Rule 403 states that evidence may only be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or based on considerations of undue delay or waste of time. Fed. R. Evid. 403.

Defendants' overbroad and vague motion should be denied because it impermissibly seeks to exclude entire categories of relevant information that should be considered evidence that Defendants failed to conduct the appropriate due diligence. "[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010); *see also Lopez v. Chula Vista Police Dep't*, 2010 WL 685014, at *7 (S.D. Cal. Feb. 18, 2010) (denying motion *in limine* as "vague and overbroad").

The SEC attempted to eliminate the need for this motion by offering Defendants a set of specific stipulated facts.[1] These facts included evidence of certain actions that Defendants took, or did not take, prior to October 2012, because those facts are directly relevant to assessing whether statements made by Defendants during the relevant period - October 2012 to April 2014 – were misleading, or whether Defendants' actions during the relevant period acted as a fraud or deceit. For example, if the jury is not informed that Tweed was on notice prior to October 2012 that the money he invested with his acquaintance Eric

---

[1] *See* Declaration of Lynn M. Dean in Support of SEC's Opposition to Defendants' Motions *in Limine* ("Dean Decl.") at ¶ 3. The proposed set of facts were undisputed at the Motion for Summary Judgment stage or admitted in Defendants' Answer or in verified responses to Requests for Admission propounded to Tweed and TFSI. *Id.* at ¶ 4, Exs. 1 and 2. Of the 113 proposed stipulated facts, Defendants only agreed to stipulate to seven facts, three of which were admitted in response to the SEC's Requests for Admission or in Defendants' Answer. *Id.* at ¶ 5.

1 | Richardson at QAMF had been conveyed by QAMF to a third party who claimed
2 | to have used it in a gold mining operation in Ghana, they cannot assess whether
3 | Tweed's post October 2012 statements to investors about that investment were
4 | misleading. Dkt. No. 1 at ¶¶ 6-7, 26-44, 62-71. Likewise, if the jury is not
5 | informed that the $200,000 Teamwork Retail loan was made to an entity run by
6 | Tweed's personal friend, that Tweed had previously earned over $100,000 in
7 | commissions for selling interests in Teamwork Retail, that Tweed received regular
8 | updates from his personal friend about the financial state of the company, and that
9 | Teamwork Retail failed to make any payments on the loan as they came due, the
10 | jury cannot assess whether Tweed's post October 2012 statements to investors
11 | about Teamwork Retail were misleading. *Id.* at ¶¶ 6-7, 45-61, 62-71. Only by
12 | knowing these facts can the trier of fact determine whether, during the relevant
13 | time period, the Defendants failed to meet the standard of care required of an
14 | investment adviser and violated Section 206(4) and Rule 206(4)-8. Defendants
15 | refused to stipulate to these facts, and numerous others. Without knowing these
16 | facts, the jury will not be able to assess or understand how Defendants' later acts
17 | defrauded investors. These facts are relevant and admissible and the SEC intends
18 | to present evidence of them at trial. Fed. R. Evid. 401-403.

### III. CONCLUSION

For all the foregoing reasons, Defendants motion *in limine* No. 4 should be denied.

Dated: October 18, 2019        Respectfully submitted,

GARTENBERG GELFAND HAYTON LLP

By: *Edward Gartenberg*
Edward Gartenberg
Milena Dolukhanyan
Attorneys for Defendants
Tweed Financial Services, Inc. and
Robert Russel Tweed

Dated: October 18, 2019

Respectfully submitted,

Securities and Exchange Commission

By: *Lynn M. Dean*
Lynn M. Dean
Kathryn C. Wanner
Attorneys for Plaintiff SEC