Edward Gartenberg (State Bar No. 102693)
Milena Dolukhanyan (State Bar No. 303157)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
egartenberg@gghslaw.com
mdolukhanyan@gghslaw.com

Attorneys for Defendants
TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>Defendants. | Case No.: 2:17-cv-07251-FMO-E<br><br>**DEFENDANTS TWEED FINANCIAL SERVICES, INC. AND ROBERT RUSSEL TWEED'S MOTION IN LIMINE NO. 5 TO EXCLUDE CHRISTIANNA WOOD AS AN EXPERT IN THIS CASE; DECLARATION OF EDWARD GARTENBERG**<br><br>Trial Date: November 26, 2019<br>Pretrial Conference Date/Motion in Limine Hearing Date: Nov. 8, 2019<br>Time: 10:00 a.m.<br>Ctrm: 6D<br>Judge: Hon. Fernando M. Olguin |

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE PLAINTIFF'S EXPERT, CHRISTIANNA WOOD, AS AN EXPERT IN THIS CASE**

The parties hereby submit a Joint Memorandum of Points and Authorities regarding Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") Motion in Limine No. 5 exclude Christianna Wood as an expert in this matter because she is not qualified to testify as an expert on the matters she purports to offer opinions on in this case. See Rule 702, Fed. R. Evid.; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). See also, *Rheinfrank v. Abbott Labs., Inc.* (S.D. Ohio Oct. 2, 2015, No. 1:13-cv-144) 2015 U.S. Dist. LEXIS 191660, at *32-22.

The SEC opposes Defendants' Motion in Limine No. 5 for all the reasons set forth in the memorandum of points and authorities.

Dated: October 18, 2019          Respectfully submitted,

                                            GARTENBERG GELFAND HAYTON LLP

                                            By: *Edward Gartenberg*
                                                   Edward Gartenberg
                                                   Milena Dolukhanyan
                                                   Attorneys for Defendants
                                                   Tweed Financial Services, Inc. and
                                                   Robert Russel Tweed

Dated: October 18, 2019          Respectfully submitted,

                                            Securities and Exchange Commission

                                            By: *Lynn M. Dean*
                                                   Lynn M. Dean
                                                   Kathryn C. Wanner
                                                   Attorneys for Plaintiff SEC

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

# DEFENDANTS' CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") Motion in Limine No. 5 seeks to exclude Plaintiff's expert Christianna Wood, as an expert in this case. As set forth below, she is not qualified to offer the opinions she purports to offer in this case, and she purports to offer legal conclusions beyond her expertise. Ms. Wood's testimony should be excluded accordingly.

## II. RELEVANT FACTS AND BACKGROUND

In this case, Plaintiff's expert Christianna Wood, has presented an expert report purporting to provide an expert opinion concerning the action of the defendants as investment advisors. (See **Exhibit B**, Plaintiff Securities and Exchange Commission's Rule 26(a)(2) Designation of Expert Witness, Report of Christianna Wood.)

Christianna Wood's own testimony and background demonstrate she is not qualified to testify regarding Defendants' actions as investment advisors.

Ms. Wood has never been registered as an investment adviser with the Securities and Exchange Commission. (**Exhibit C**, Wood Testimony, 155:7-9) When asked whether she was ever licensed as an investment adviser by any state, she responded, "Well, I may have been in the '90s. Again. These – I took a number of securities exams in the '90s." (**Exhibit C**, Wood Testimony, 155, 10-14). She has not served as a regulator in the area for which she proposes to offer a relevant expert opinion. She is not otherwise qualified by education or training to offer a relevant expert opinion.

///
///
///

### III. PLAINTIFF'S EXPERT CHRISTIANNA WOOD SHOULD NOT BE PERMITTED TO TESTIFY AS PLAINTIFF'S EXPERT IN THIS CASE

The issue is not whether Ms. Wood is qualified to be an expert as to some matters. The issue is whether or not she is qualified to offer relevant opinions here that she is offering. She is not.

Her testimony should be excluded pursuant to Rule 702, Fed. R. Evid and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). See also, *Rheinfrank v. Abbott Labs., Inc.* (S.D.Ohio Oct. 2, 2015, No. 1:13-cv-144) 2015 U.S.Dist.LEXIS 191660, at *32-33. ("Defendants object to Dr. Buncher opining as to "industry standards" or "industry ethics." …Defendants argue these standards are nothing more than Dr. Buncher's say-so, and the jury will be instructed by the Court as to Abbott's legal duties, which are relevant to the case. The Court agrees; Dr. Buncher will not be permitted to opine as to the industry standard or ethical duties owed by pharmaceutical companies. He is not a regulatory expert, and, in addition, the standards to which Dr. Buncher refers are undefined and appear to be based on nothing more than personal opinion.")

Moreover, Ms. Wood is offering legal conclusions beyond her expertise. See, *Stambolian v. Novartis Pharms. Corp.* (C.D.Cal. Dec. 6, 2013, No. CV 12-04378 BRO (FMOx)) 2013 U.S.Dist.LEXIS 173016, at *24 ("Defendant raises legitimate concerns about the risk of unfairly prejudicial or confusing testimony. It is not the role of Dr. Parisian to offer legal conclusions on any topic, including whether Defendant was in regulatory compliance with the FDA. See Fed. R. Evid. 702, 104, 403. Further, Dr. Parisian is not permitted to testify to things outside of her expertise.").

### IV. CONCLUSION

For the reasons explained above, Defendants respectfully request that their

Motion in Limine No. 5 be granted.

### SEC'S CONTENTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants' *in limine* motion to exclude Christianna Wood from testifying as an expert is predicated on a fundamental misreading of her experience, which is set forth in detail in her initial expert report, and on the legal standard for permitting expert testimony. The Securities and Exchange Commission opposes the motion.

### II. ARGUMENT

#### A. Ms. Wood Is Qualified

Defendants offer two facts in support of their argument that Christianna Wood is not qualified to offer expert testimony in this matter - Ms. Wood has never been registered as an investment adviser with the SEC and she has not served as a securities regulator. But neither of these are requirements for offering expert testimony regarding the standard of care required of investment advisers.[1]

The admissibility of expert testimony is governed by Rule 702 and Rule 403 of the Federal Rules of Evidence. To be admissible under Rule 702, the proposed expert testimony must "help the trier of fact to understand the evidence or

---

[1] Not all investment advisers are registered. Most small advisers (with less than $25 million in Assets Under Management ("AUM")) and mid-sized advisers (with $25 million to $100 million in AUM) are prohibited from registering with the SEC. Instead, they are subject to state regulation "unless the state in which the adviser has its principal office and place of business has not enacted a statute regulating advisers." "Regulation of Investment Advisers by the U.S. Securities and Exchange Commission," March 2013. Prepared by Staff of the Investment Adviser Regulation Office, Division of Investment Management, U.S. Securities and Exchange Commission ("SEC Staff Publication 2013"), p. 9. Available at: http://www.sec.gov/about/offices/oia/oia_investman/rplaze-042012.pdf. In addition, although many individuals who are employed by advisory firms fall within the definition of "investment adviser," the SEC and state regulators generally require only the advisory firm to register with the regulatory authority. The advisory firm's registration covers the advisory activities of its employees that are undertaken on the firm's behalf. SEC Staff Publication 2013 at p. 17.

determine a fact in issue." Fed. R. Evid. 702(a). As the Supreme Court explained in *Daubert v. Merrell Dow Pharms., Inc.*, Rule 702 requires that expert testimony or evidence be both relevant and reliable. 509 U.S. 579, 590-591 (1993) ("*Daubert I*"); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Thus, a testifying expert must have "specialized knowledge" that is sufficiently related to the issues and evidence before the trier of fact such that the witness's proposed testimony will be helpful to the trier of fact. *See* 3 Jack B. Weinstein and Margaret A. Berger, *Weinstein*'s *Federal Evidence*, P 702[04][1][b] at 702-45.

Here, Ms. Wood was retained by the SEC to provide testimony regarding the role of an investment adviser in exercising its fiduciary duties, including duties of care and loyalty and duty of disclosure; and to evaluate whether and to what extent Defendants fulfilled their duties to the Athenian Fund and its investors in their disclosures to investors. Gartenberg Decl., Exh B, Wood Report at ¶ 2. Ms. Woods is more than qualified to provide such testimony based on her education and experience:

Ms. Wood has an MBA in Finance from New York University and a B.A. in Economics (*cum laude*) from Vassar College. Gartenberg Decl., Exh B, Wood Report at ¶ 14 and Appendix A (Ms. Wood's CV). She also holds the Chartered Financial Analyst ("CFA") and the Chartered Alternative Investments Analyst ("CAIA") designations. The CAIA Charter encompasses expertise in hedge funds, private equity, real estate and commodities. *Id*. To obtain a CFA designation, one must sit for a minimum of three years of examinations.

Ms. Wood has 38 years of experience in the field of investment management. She has managed investment portfolios, hired and trained analysts and investment professionals, and managed several institutional equity portfolios, including managing the equity portfolio for the largest public pension plan in the U.S., the California Public Employees' Retirement System ("CalPERS") from 2002 to 2008. *Id.* at ¶ 4 and Appendix A (Ms. Wood's CV). At CalPERS, Ms.

Wood oversaw the external management of $50 billion, including over 50 external managers. She was also "responsible for internal and external managers, hedge fund strategies, and corporate governance strategies." *Id.* at ¶ 6.

Prior to joining CalPERS, Ms. Wood was an equity and bond portfolio manager for over 22 years at three different firms in New Jersey, Illinois, and Colorado. *Id.* at ¶ 7. At two of those firms, Ms. Wood was both partner and equity holder and served on the firms' management committees. *Id.* Over 22 years, she had more than 200 client relationships in various equity and bond strategies. *Id.* She was personally responsible for thousands of institutional portfolio investment decisions over those 22 years as an analyst and portfolio manager and also as a manager of teams of analysts whose work product she supervised. *Id.*

As an investment manager, Ms. Wood made "hundreds of presentations to all types of investment clients in the acquisition and retention of clients of asset management firms, and at CalPERS, she hired investment management firms. *Id.* at ¶ 8. Ms. Wood has held numerous positions on boards of directors and advisory boards of investment managers and hedge fund managers. *Id.* at ¶ 9. She has been involved in the writing of over a dozen Private Placement Memoranda (PPMs) and has extensive expertise over two decades in the governance of hedge funds and private funds, the standards for duty of care and loyalty to clients of private funds as well as the duty to inform investors of all relevant matters in a timely and transparent manner. *Id.* Since 2006, Ms. Wood has also been a member of Vassar College's Investment Committee and the College's Trustee Investor Responsibility Committee, where she is extensively involved in the selection, due diligence, and interviewing of investment management firms. *Id.* at ¶ 11.

As to Defendants' contention that Ms. Wood was not a registered investment adviser, while such registration is not required in order for her to qualify as an expert in the investment advisory field, Ms. Wood was an equity partner at both Denver Investment Advisors and the Burridge Group. *Id.* at Appendix A (Ms.

Wood's CV). At the time she was a partner, both of these firms were Registered Investment Advisors. *Id.* Ms. Wood was listed as an associated person in the SEC filings on Form ADV for both firms. Moreover, as noted above, Ms. Wood is a CFA. *Id.* Registered Investment Adviser exams are waived for those with a CFA, because the CFA designation involves a much higher level of training and examination. https://www.cfainstitute.org/-/media/documents/factsheet/rpr-factsheet.ashx [PDF from 2016] ("Charterholders receive a waiver from the Uniform Investment Adviser Examination (series 65) from all the states requiring a licensing exam for investment advisers and investment adviser representatives."); https://www.cfainstitute.org/en/membership/benefits/waivers ("Some states require the Series 65 exam for investment advisers and investment adviser representatives. CFA charter holders are exempt from this exam.")

Accordingly, Ms. Wood possesses "specialized knowledge" of the investment advisory field, and is qualified to offer expert testimony regarding the role of an investment adviser in exercising its fiduciary duties, including the duties of care and loyalty and duty of disclosure.

### B. Ms. Wood's Opinion Will Be Helpful to the Jury

In additional to being qualified to opine about the standards applicable to investment advisers, Ms. Wood's proposed testimony is relevant and reliable, and will be helpful to the jury. The SEC has alleged that Defendants violated Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder. Dkt. No. 31 at ¶¶ 9, 88-101. Section 206(4) prohibits investment advisers from, directly or indirectly, engaging in any act, practice or course of business that is fraudulent, deceptive, or manipulative. Rule 206(4)-8(a) defines such prohibited conduct to include: (1) making false or misleading statements or otherwise defrauding investors or prospective investors in pooled investment vehicles; or (2) engaging in fraudulent, deceptive, or manipulative conduct with respect to any investor or prospective investor in a pooled investment vehicle. *See Prohibition of Fraud by Advisers to*

*Certain Pooled Investment Vehicles*, Advisers Act Release No. 2628 (Aug. 3, 2007). Scienter is not required for violations of Section 206(4) and Rule 206(4)-8; rather, a showing of negligence is sufficient. *Id.* at 12-13 ("We believe use of a negligence standard also is appropriate as a method reasonably designed to prevent fraud."); *SEC v. Steadman*, 967 F.2d 636, at 647 (D.C. Cir. 1992) (scienter not required under Section 206(4)).

As set forth in her expert report, Ms. Wood is prepared to offer opinions regarding the role of investments advisers, the regulations and industry guidance that apply to investment advisers, and the duty of care advisers owe to their clients. *See, generally,* Gartenberg Decl. Ex. B, at ¶¶ 36-52. Her testimony is grounded in her professional experience and her familiarity with the regulatory scheme that governs investment advisers, including industry guidance regarding "best practices." She is prepared to opine about how a prudent and reasonable investment adviser in Defendants' position, presented with the information available to Defendants, would be expected to behave. Such testimony will assist the trier of fact in determining whether Defendants met the standard of care or were negligent in the performance of their responsibilities as investment advisers, the question at the heart of this litigation. Such testimony will be helpful to the jury and is therefore relevant and admissible. Fed. R. Evid. 702 and 403.

## III. CONCLUSION

Ms. Wood clearly possesses "specialized knowledge" of the investment advisory field. In addition, her knowledge and opinions are sufficiently related to the issues and evidence before the jury such that her proposed testimony will be helpful to the jury. *See* 3 Jack B. Weinstein and Margaret A. Berger, *Weinstein's Federal Evidence*, P 702[04][1][b] at 702-45. Accordingly, the SEC respectfully

///
///
///

urges the Court to deny Defendants' motion *in limine* number 4 and permit Ms. Wood to testify.

Dated: October 18, 2019             Respectfully submitted,

                                            GARTENBERG GELFAND HAYTON LLP

                                            By: *Edward Gartenberg*
                                                Edward Gartenberg
                                                Milena Dolukhanyan
                                                Attorneys for Defendants
                                                Tweed Financial Services, Inc. and
                                                Robert Russel Tweed

Dated: October 18, 2019             Respectfully submitted,

                                            Securities and Exchange Commission

                                            By: *Lynn M. Dean*
                                                Lynn M. Dean
                                                Kathryn C. Wanner
                                                Attorneys for Plaintiff SEC