Edward Gartenberg (State Bar No. 102693)
Milena Dolukhanyan (State Bar No. 303157)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
egartenberg@gghslaw.com
mdolukhanyan@gghslaw.com

Attorneys for Defendants
TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>Defendants. | Case No.: 2:17-cv-07251-FMO-E<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD AN AFFIRMATIVE DEFENSE TO DEFENDANTS' ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: November 21, 2019<br>Time: 10:00 a.m.<br>Ctrm: 6D<br>Judge: Hon. Fernando M. Olguin<br><br>Trial Date: November 26, 2019<br><br>Pretrial Conference/Motion in Limine Hearing Date: November 8, 2019<br><br>[Filed concurrently with: Proposed Amended Answer] |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 21, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Fernando M. Olguin of the United States District Court for the Central District of California, Western Division, Courtroom 6D, located at 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Defendants Tweed Financial Services, Inc. and Robert Russel Tweed ("Defendants") will and do move for leave to amend Defendants' Answer to include the affirmative defense: reliance on professionals.

This Motion is made pursuant to Fed. R. Civ. P. 15 and 16, on the grounds that Defendants should be granted leave to amend to include a defense that applies in this case. Attached hereto as Exh. A is a "redline" version, showing the changes made to the Proposed Amended Answer. Attached hereto as Exh. B is a final version of the Proposed Amended Answer.

The defense Defendants seek to include is meritorious, and Plaintiff will not suffer any prejudice if the defense is included.

This Motion is based on this Notice, the accompanying memorandum of points and authorities, the papers, records and pleadings on file in this case, and on such oral argument as the Court allows.

Pursuant to L.R. 7-3, this motion is made following the conference of counsel which took place on October 15, 2019.

Dated: October 23, 2019              Respectfully submitted,

                                     GARTENBERG GELFAND HAYTON LLP

                                     By:  /s/ Edward Gartenberg_____
                                          Edward Gartenberg
                                          Milena Dolukhanyan
                                          Attorneys for Defendants
                                          Tweed Financial Services, Inc. and
                                          Robert Russel Tweed

**NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD AN AFFIRMATIVE DEFENSE TO DEFENDANTS' ANSWER**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND RELEVANT BACKGROUND

Defendants, Tweed Financial Services, Inc. and Robert Russel Tweed's ("Defendants") seek leave to amend their Answer to include reliance on professionals as an affirmative defense.

Plaintiff Securities and Exchange Commission ("SEC") already anticipated this defense and addressed this defense in its Motion for Summary Judgment filed July 17, 2019. Accordingly, the SEC will not be prejudiced by the inclusion of this defense. It is no surprise that Defendants relied upon accountants and other professionals in connection with the acts alleged in this case.

This issue recently came to the forefront when the SEC, as part of its Motion in Limine No. 3, sought to exclude all argument or evidence that Defendants relied on the advice of accounting professionals because Defendants' Answer did not include reliance on accountant as an affirmative defense. Defendants oppose this Motion in Limine and plan to present evidence that Defendants relied on professionals, including accountants, at the time of trial.

Defendants previously pled "good faith" ("[A]ctions by Defendants were undertaken in good faith and in the absence of malicious intent to injure anyone, and were lawful, proper, privileged, and/or justified[.]") in their Answer as their third affirmative defense. Defendants' Answer also reserved the right to add affirmative defenses. During meet and confer discussions in connection with the Motions and Limine, Defendants advised the SEC that if they will not agree that the "good faith" affirmative defense set forth in the answer was sufficient to encompass a reliance on professionals affirmative defense, Defendants would file a motion to permit Defendants to amend their answer. The SEC would not stipulate to allow Defendants to include this defense. Accordingly, Defendants seek leave to include this defense.

## II. DEFENDANTS SHOULD BE PERMITTED TO AMEND THEIR ANSWER TO INCLUDE THE AFFIRMATIVE DEFENSE OF RELIANCE ON A PROFESSIONAL

A court has the power to permit a defendant to amend an answer to set forth an omitted defense. These amendments are freely permitted. See Rule15(a) (2) and Rule 6(b)(1)(B), Fed. R. Civ. P.; *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F. 3d 730, 732-733 (7th Cir. 2015) (Affirmative dcfense could be added after a four-year delay under Rule 6(b)(1)(B) or Rule 15(a)(2). "Rule 6(b)(1)(B) provides that a judge may extend the time to do something, even after the deadline has passed, 'if the party failed to act because of excusable neglect.' [citation omitted].... Alternatively, the district court might have turned to Rule 15(a)(2), which provides that judges may allow pleadings to be amended and "should freely give leave when justice so requires."'"). An answer may also be amended to conform to proof at trial. See Rule 15(b)(2), Fed. R. Civ. P.

### A. There is "Good Cause" to Modify the Scheduling Order

The scheduling order in this case provided that Motions to Amend be filed by April 2, 2018. (See Scheduling and CMO Re: Jury Trial.) Here, good cause exists to permit an amendment after the time set in the Scheduling Order because Defendants did not contemplate bringing the Motion for Leave to Amend at thed time. When Defendants' intention to amend arose, Defendants promptly advised Plaintiff and proceeded with filing this Motion.

Moreover, Defense counsel believed the affirmative defense raised relating to Defendants' conduct being in "good faith," would encompass the fact that Defendants acted in reliance upon professionals. Given the SEC's position in bringing a motion *in limine* to bar a defense of reliance on professionals (filed October 18, 2019) it is now more prudent to specifically include reliance upon professionals as an additional defense.

As set forth in more detail below, the purpose of the litigation process is to

vindicate meritorious claims and Defendants should not be denied redress when it will have no effect on the scheduling of this matter and no prejudice to other parties. Such justification is good cause to allow Defendants to amend and add the proposed defense.

### B. Leave to Amend Should Be Given Freely

Defendants should be granted leave to amend because such leave is to be granted liberally and the factors considered in granting leave favor Defendants. Federal Rule of Civil Procedure 15 requires that a party obtain leave to amend after one amendment as a matter of course has been made and that this leave is to be "freely" given when "justice so requires." *Id*., subsection (a)(2) [. . . a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.]. The Ninth Circuit has held that "rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. Leighton*, 833 F. 2d 183, 186 (9th Cir. 1987). See also, *Foman v, Davis,* 371 U.S. 178 (1962), 181-182 (Court of Appeal erred in affirming the denial of a motion to vacate judgment in order to allow amendment of the complaint. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Quoting, *Conley v. Gibson,* 355 U.S. 41, 48.)

In deciding whether justice requires granting leave to amend, factors to be considered include: (1) the presence or absence of undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of the proposed amendment. *Moore v. Kayport Package Express, Inc*. 885 F. 2d 531, 538 (9th Cir. 1989). "These factors are to be applied with a view toward "the strong policy in favor of allowing amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 175 F.R.D. 640, 643 (C.D. Cal. 1997). "Where there is a lack of prejudice to the opposing party and

the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion. The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy." *Howey v. United States*, 481 F. 2d 1187, 1190-1191 (9th Cir. 1973). Finally, "[The Courts] differentiate between pleadings attempting to amend claims from those seeking to amend parties. Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union P.R. Co. v. Nevada Power Co.*, 950 F. 2d 1429, 1432 (9th Cir. 1991).

Here, Defendants seek to add one defense – reliance on professionals – to their Answer. All factors weigh in favor of amendment.

### C. The Defense Is Meritorious and Should Be Included

Good faith reliance on professionals is a complete defense. To establish this defense here, the Defendants must show they: (1) made a complete disclosure to the professional; (2) requested the professional's advice as to the contemplated action; and (3) relied in good faith on that advice. *See SEC v. Goldfield Deep Mines Co.*, 758 F.2d 459, 467 (9th Cir. 1985) ("[I]n in order to establish good faith reliance on the advice of counsel, appellants must show that they (1) made a complete disclosure to counsel; (2) requested counsel's advice as to the legality of the contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice."); *United States v. Westbrooks*, 780 F.3d 593, 596 (4th Cir. 2015) ("In order to establish an advice of counsel defense, the party asserting the defense must establish "(a) full disclosure of all pertinent facts to an attorney, and (b) good faith reliance on the attorney's advice."); *SEC v. Retail Pro, Inc*. (S.D.Cal. Apr. 9, 2010, No. 08cv1620-WQH-RBB) 2010 U.S.Dist.LEXIS 35872, at *14 (reliance on accountants); *United States v. Lindo,* (6th Cir. 1994) 18 F.3d 353, 356 (6th Cir. 1994) ("The elements of a reliance on counsel defense are (1) full disclosure of all pertinent

facts to counsel, and (2) good faith reliance on counsel's advice.")

As set forth in Defendant Tweed's Declaration in Opposition to the SEC's Motion for Summary Judgment, he relied upon accounting professionals' advice to prepare the quarterly reports at issue in this case. (See Tweed Declaration in Opposition to Motion for Summary Judgment at ¶¶ 16-25.) Defendants intend to introduce evidence to this effect at the time of trial and anticipate they will be able to meet all of the elements of this defense.

### D. Plaintiff Will Not Be Prejudiced As a Result of the Amendment

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotes omitted); *Sonoma County Ass'n of Retired Employees v. Sonoma County,* 708 F.3d 1109, 1117 (9th Cir. 2013).

Indeed, absent prejudice, or a strong showing of any of the remaining reasons for denying leave to amend, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, *supra*, 316 F.3d at 1052. To justify denial of leave to amend, the prejudice must be substantial. *Morongo Band of Mission Indians v. R*ose, 893 F.2d 1074, 1079 (9th Cir. 1990) (showing of substantial prejudice and other relevant factors required); *see also Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) ("Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment."); *C.F. ex rel. Farnan v. Capistrano Unified School Dist.,* 654 F.3d 975, 985 (9th Cir. 2011) (An amendment to an answer is not prejudicial "even when the timely assertion of an affirmative defense would have been dispositive had it been asserted at the outset of the suit.")

The SEC has anticipated that Defendants would raise the defense that Defendants relied upon professionals. This is specifically noted in the SEC's Motion for Summary Judgment. (Dkt. No. 50-1, Parties' Joint Submission for Plaintiff Securities and Exchange Commission's Motion for Summary Judgment, pages 25

and 26 of 53.). In the SEC's Motion for Summary Judgement, the SEC provides, **"The SEC anticipates that Defendants may assert a reliance on professionals defense for the statements made in the investor account statements."** (Dkt. No. 50-1, Parties' Joint Submission for Plaintiff Securities and Exchange Commission's Motion for Summary Judgment, page 25 of 53, lines 26-27 (emphasis added).

The SEC known about the accountants the Defendants relied upon since the beginning of this litigation and in its prior investigation. The SEC listed the accountants upon which Defendants relied. Loyal Boyd Cook and Edward S. Gabriel, Jr. as individuals likely to have discoverable information in its Rule 26(a)(1) initial disclosures dated April 16, 2018. (Declaration of Edward Gartenberg, dated October 23, 2019, filed concurrently with this Motion, "Gartenberg Decl.", ¶ 4). The SEC in the same disclosure identified transcripts of investigative testimony which the SEC took of these accountants on four different days in 2016. (Gartenberg Decl. ¶ 5). Presumably these same individuals will be available for the SEC at trial as the SEC as identified both on its witness list served October 18, 2019. (Gartenberg Decl. ¶ 6). Moreover, no percipient witness deposition is impacted as, except for expert depositions, no depositions have been taken in this case. (Gartenberg Decl. ¶ 7).

The SEC would not be prejudiced by an amendment to specifically add the proposed affirmative defense.

///
///
///
///
///
///
///
///

### III. CONCLUSION

For the reasons explained above, Defendants respectfully request leave to include the affirmative defense of reliance on professionals to their Answer. The [proposed] Answer is filed concurrently with this Motion.

Dated: October 23, 2019  Respectfully submitted,

GARTENBERG GELFAND HAYTON LLP

By: /s/ Edward Gartenberg_____
Edward Gartenberg
Milena Dolukhanyan
Attorneys for Defendants
Tweed Financial Services, Inc. and
Robert Russel Tweed