LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov
KATHRYN C. WANNER (Cal Bar No. 269310)
Email: wannerk@sec.gov
DoHOANG T. DUONG (Cal. Bar No. 219127)
Email: duongdo@sec.gov

Michele Wein Layne, Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Attorneys for Plaintiff
Securities and Exchange Commission

EDWARD GARTENBERG (Cal. Bar No. 102693)
egartenberg@gghslaw.com
MILENA DOLUKHANYAN (Cal Bar No. 303157)
mdolukhanyan@gghslaw.com
Gartenberg Gelfand Hayton LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101

Attorneys for Defendants,
Tweed Financial Services, Inc. and Robert Russel Tweed

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED, <br><br> Defendants. | Case No. 2:17-cv-07251-FMO-E <br><br> **JOINT PROPOSED AGREED UPON JURY INSTRUCTIONS** <br><br> Trial Date: November 26, 2019 <br> Time: 8:30 a.m. <br> Ctrm: 6D <br> Judge: Hon. Fernando M. Olguin |

In accordance with the Order Re: Case Management Deadlines (Dkt. No. 45) and the Court's Scheduling and Case Management Order Re: Jury Trial (Dkt. No. 26), Plaintiff the Securities and Exchange Commission ("SEC") and Defendants Tweed Financial Services, Inc. ("TFSI") and Robert Russel Tweed ("Tweed") respectfully submit these joint proposed jury instructions for the Court's consideration.  Subject to the rules and any further order of this Court, the parties reserve the right to submit additional or revised jury instructions as may be necessary based upon the outcome of pre-trial motions, the evidence presented at trial, and any rulings issued before or during the course of the trial.

Dated:  October 25, 2019                    Respectfully submitted,


                                            */s/ Lynn M. Dean*
                                            Lynn M. Dean
                                            Kathryn C. Wanner
                                            Attorneys for
                                            Securities and Exchange Commission


                                            */s/ Edward Gartenberg*
                                            Edward Gartenberg
                                            Attorney for Defendants
                                            Tweed Financial Services, Inc. and Robert Russel Tweed

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TWEED FINANCIAL SERVICES, INC. and ROBERT RUSSEL TWEED,<br><br>                    Defendants. | Case No. 2:17-cv-07251-FMO-E |

**JURY INSTRUCTIONS**

DATED: _____

_____
HON. FERNANDO J. OLGUIN
UNITED STATES DISTRICT JUDGE

# TABLE OF CONTENTS

JOINT PROPOSED JURY INSTRUCTION NO. 1 ....................................................... 1

    Duty of Jury (Court Reads Instructions at the Beginning of Trial But Does Not Provide Written Copies) ....................................................... 1

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.3 ....................................................... 1

JOINT PROPOSED JURY INSTRUCTION NO. 2 ....................................................... 2

    Claims and Defenses ....................................................... 2

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.5 ....................................................... 2

JOINT PROPOSED JURY INSTRUCTION NO. 3 ....................................................... 3

    Burden of Proof – Preponderance of the Evidence ....................................................... 3

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.6 ....................................................... 3

JOINT PROPOSED JURY INSTRUCTION NO. 4 ....................................................... 4

    Two or More Parties – Different Legal Rights ....................................................... 4

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.8 ....................................................... 4

JOINT PROPOSED JURY INSTRUCTION NO. 5 ....................................................... 5

    What is Evidence ....................................................... 5

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.9 ....................................................... 5

JOINT PROPOSED JURY INSTRUCTION NO. 6 ....................................................... 6

    What is Not Evidence ....................................................... 6

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.10 ....................................................... 6

JOINT PROPOSED JURY INSTRUCTION NO. 7 ....................................................... 7

Evidence for a Limited Purpose..........................................................................7

 Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.11...........................................................................................7

JOINT PROPOSED JURY INSTRUCTION NO. 8.................................................8

 Direct and Circumstantial Evidence ...................................................................8

 Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.12...........................................................................................8

JOINT PROPOSED JURY INSTRUCTION NO. 9.................................................9

 Ruling on Objections ..........................................................................................9

 Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.13...........................................................................................9

JOINT PROPOSED JURY INSTRUCTION NO. 10...............................................10

 Credibility of Witnesses......................................................................................10

 Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.14...........................................................................................10

JOINT PROPOSED JURY INSTRUCTION NO. 11...............................................12

 Conduct of the Jury.............................................................................................12

 Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.15...........................................................................................12

JOINT PROPOSED JURY INSTRUCTION NO. 12...............................................14

 No Transcript Available to Jury..........................................................................14

 Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.17...........................................................................................14

JOINT PROPOSED JURY INSTRUCTION NO. 13...............................................15

 Taking Notes.......................................................................................................15

 Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.18...........................................................................................15

JOINT PROPOSED JURY INSTRUCTION NO. 14 ................................................ 16

    Questions to Witnesses by Jurors ................................................ 16

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
    Section 1.19 ................................................ 16

JOINT PROPOSED JURY INSTRUCTION NO. 15 ................................................ 18

    Bench Conferences and Recesses ................................................ 18

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
    Section 1.20 ................................................ 18

JOINT PROPOSED JURY INSTRUCTION NO. 16 ................................................ 19

    Outline of Trial ................................................ 19

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
    Section 1.21 ................................................ 19

JOINT PROPOSED JURY INSTRUCTION NO. 17 ................................................ 20

    Stipulations of Fact ................................................ 20

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
    Section 2.2 ................................................ 20

JOINT PROPOSED JURY INSTRUCTION NO. 18 ................................................ 21

    Impeachment Evidence - Witness ................................................ 21

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
    Section 2.9 ................................................ 21

JOINT PROPOSED JURY INSTRUCTION NO. 19 ................................................ 22

    Expert Opinion ................................................ 22

    Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
    Section 2.13 ................................................ 22

JOINT PROPOSED JURY INSTRUCTION NO. 20 ................................................ 23

    Charts and Summaries Not Received in Evidence ................................................ 23

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
Section 2.14................................................................................................................ 23

JOINT PROPOSED JURY INSTRUCTION NO. 21.................................................... 24

Charts and Summaries Received in Evidence ................................................. 24

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
Section 2.15................................................................................................................ 24

JOINT PROPOSED JURY INSTRUCTION NO. 22.................................................... 25

Duty to Deliberate.......................................................................................... 25

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
Section 3.1.................................................................................................................. 25

JOINT PROPOSED JURY INSTRUCTION NO. 23.................................................... 26

Consideration of Evidence – Conduct of the Jury ......................................... 26

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
Section 3.2.................................................................................................................. 26

JOINT PROPOSED JURY INSTRUCTION NO. 24.................................................... 28

Communication with Court............................................................................. 28

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
Section 3.3.................................................................................................................. 28

JOINT PROPOSED JURY INSTRUCTION NO. 25.................................................... 29

Readback......................................................................................................... 29

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
Section 3.4.................................................................................................................. 29

JOINT PROPOSED JURY INSTRUCTION NO. 26.................................................... 30

Return of Verdict ........................................................................................... 30

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition,
Section 3.5.................................................................................................................. 30

JOINT PROPOSED JURY INSTRUCTION NO. 27.................................................... 31

Additional Instructions of Law ...................................................................... 31

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 3.6.................................................................................................... 31

JOINT PROPOSED JURY INSTRUCTION NO. 28.................................................. 32

Corporations and Partnerships – Fair Treatment ......................................... 32

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 4.1.................................................................................................... 32

JOINT PROPOSED JURY INSTRUCTION NO. 29.................................................. 33

Liability of Corporations............................................................................... 33

Source: Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 4.2.................................................................................................... 33

JOINT PROPOSED JURY INSTRUCTION NO. 30.................................................. 34

Preparation of Witnesses............................................................................... 34

Source: Based on American Bar Association, Model Rules of Professional Conduct, Rule 1.1 (7th ed. 2011). ................................................................................. 34

## JOINT PROPOSED JURY INSTRUCTION NO. 1
### Duty of Jury (Court Reads Instructions at the Beginning of Trial
### But Does Not Provide Written Copies)
**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017
edition, Section 1.3

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

1

## JOINT PROPOSED JURY INSTRUCTION NO. 2

### Claims and Defenses

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.5

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that the defendants violated and aided and abetted the violation of Section 206(4) of the Advisers Act and Rules 206(4)-8(a)(1) and (2)  The plaintiff has the burden of proving these claims.

The defendants deny those claims and also contend that even if they had, they had, they would not be not liable by reason of the affirmative defense of reliance on professionals. The defendant has the burden of proof on the affirmative defense.

The plaintiff denies the affirmative defense.

## **JOINT PROPOSED JURY INSTRUCTION NO. 3**

### **Burden of Proof – Preponderance of the Evidence**

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.6

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JOINT PROPOSED JURY INSTRUCTION NO. 4

### Two or More Parties – Different Legal Rights

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.8

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

## **JOINT PROPOSED JURY INSTRUCTION NO. 5**

### **What is Evidence**

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.9

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

## JOINT PROPOSED JURY INSTRUCTION NO. 6

### What is Not Evidence

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.10

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are been instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JOINT PROPOSED JURY INSTRUCTION NO. 7

### Evidence for a Limited Purpose

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.11

[IF APPLICABLE] Some evidence may be admitted only for a limited purpose.  When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## JOINT PROPOSED JURY INSTRUCTION NO. 8
### Direct and Circumstantial Evidence

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.12

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## JOINT PROPOSED JURY INSTRUCTION NO. 9

### Ruling on Objections

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.13

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## JOINT PROPOSED JURY INSTRUCTION NO. 10

### Credibility of Witnesses

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017

edition, Section 1.14

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things

10

but told the truth about others, you may accept the part you think is true and ignore the rest.

      The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## JOINT PROPOSED JURY INSTRUCTION NO. 11

### Conduct of the Jury

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.15

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media

accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## JOINT PROPOSED JURY INSTRUCTION NO. 12

### No Transcript Available to Jury

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.17

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

## JOINT PROPOSED JURY INSTRUCTION NO. 13

### Taking Notes

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017
edition, Section 1.18

      If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

      Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## JOINT PROPOSED JURY INSTRUCTION NO. 14

### Questions to Witnesses by Jurors

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.19

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

### PROCEDURES

In the event the judge allows jurors to submit questions for witnesses, the judge may consider taking the following precautions and using the following procedures:

1. The preliminary instructions should describe the court's policy on juror-

16

submitted questions, including an explanation of why some questions may not be asked. All juror-submitted questions should be retained by the clerk as part of the court record whether or not the questions are asked.

2. At the conclusion of each witness's testimony, if a juror has a written question it is brought to the judge.

3. Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written question between counsel and the court during a side-bar conference or by excusing jurors to the jury room.

4. Counsel or the judge asks the question of the witness.

5. Counsel are permitted to ask appropriate follow-up questions.

6. The written questions are made part of the record.

## JOINT PROPOSED JURY INSTRUCTION NO. 15

### Bench Conferences and Recesses

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.20

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.[1]

---

[1] The Parties note that statements in this Jury Instruction are duplicative of statements proposed by the SEC's proposed opening remarks.

18

## JOINT PROPOSED JURY INSTRUCTION NO. 16

### Outline of Trial

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.21

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## JOINT PROPOSED JURY INSTRUCTION NO. 17

### Stipulations of Fact

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 2.2

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

## JOINT PROPOSED JURY INSTRUCTION NO. 18

### Impeachment Evidence - Witness

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 2.9

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## JOINT PROPOSED JURY INSTRUCTION NO. 19

### Expert Opinion

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 2.13

You are about to hear testimony from [INSERT expert] who will testify to opinions and the reasons for [his her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## JOINT PROPOSED JURY INSTRUCTION NO. 20

### Charts and Summaries Not Received in Evidence

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017
edition, Section 2.14

Certain charts and summaries not admitted into evidence may have been shown
to you in order to help explain the contents of books, records, documents, or other
evidence in the case. Charts and summaries are only as good as the underlying
evidence that supports them. You should, therefore, give them only such weight as
you think the underlying evidence deserves.

## JOINT PROPOSED JURY INSTRUCTION NO. 21

### Charts and Summaries Received in Evidence

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 2.15

Certain charts and summaries may have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

24

## JOINT PROPOSED JURY INSTRUCTION NO. 22

### Duty to Deliberate

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 3.1

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JOINT PROPOSED JURY INSTRUCTION NO. 23

### Consideration of Evidence – Conduct of the Jury

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 3.2

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view

26

any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## JOINT PROPOSED JURY INSTRUCTION NO. 24

### Communication with Court

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 3.3

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## JOINT PROPOSED JURY INSTRUCTION NO. 25

### Readback

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 3.4

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a readback of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. Because of the length of the testimony of this witness, excerpts will be read. The readback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

## JOINT PROPOSED JURY INSTRUCTION NO. 26

### Return of Verdict

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 3.5

Verdict forms haves been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict forms according to your deliberations, sign and date the applicable forms, and advise the marshal that you are ready to return to the courtroom.

## **JOINT PROPOSED JURY INSTRUCTION NO. 27**

### **Additional Instructions of Law**

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017

edition, Section 3.6

At this point I will give you [an] additional instructions. By giving an additional instructions at this time, I do not mean to emphasize these instructions over any other instruction.

You are not to attach undue importance to the fact that these instructions were read separately to you. You must consider these instructions together with all of the other instructions that were given to you.

[Following reading additional instructions:]

You will now retire to the jury room and continue your deliberations.

## JOINT PROPOSED JURY INSTRUCTION NO. 28

### Corporations and Partnerships – Fair Treatment

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 4.1

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

## JOINT PROPOSED JURY INSTRUCTION NO. 29

### Liability of Corporations

**Source:** Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 4.2

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## JOINT PROPOSED JURY INSTRUCTION NO. 30

### Preparation of Witnesses

**Source:** Based on American Bar Association, Model Rules of Professional Conduct, Rule 1.1 (7th ed. 2011).

There was testimony at the trial that the attorneys interviewed witnesses when preparing for trial.  Although you may consider that fact when you are evaluating a witness's overall credibility, you should understand that there is nothing unusual or improper about a witness meeting with the attorneys before testifying so that he can be aware of the subjects that he will be questioned about, focus on those subjects, and have the opportunity to review relevant documents before being questioned about them.  Such consultation often helps conserve your time and the Court's time.  Additionally, the attorneys have an obligation to prepare their case thoroughly and, in discharging that responsibility, may properly interview witnesses before they testify at the trial.

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648 Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On October 25, 2019, I caused to be served the document entitled **JOINT PROPOSED AGREED UPON JURY INSTRUCTIONS** on all the parties to this action addressed as stated on the attached service list:

[ ] **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

    [ ] **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

    [ ] **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ] **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ] **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X] **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ] **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 25, 2019                           /s/ Lynn M. Dean
                                                 Lynn M. Dean

SERVICE LIST
*SEC v. Tweed Financial Services, Inc., et al.*

**United States District Court—Central District of California**
**Case No. 2:17-cv-07251-FMO-E**

## **SERVICE LIST**

Edward Gartenberg, Esq. *(via ECF only)*
Gartenberg, Gelfand, Hayton LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Tel: (213) 542-2111
Fax: (213) 542-2101
Email: egarternberg@ggslaw.com
*Attorneys for Defendants*